[No. B156585 Second Dist., Div. Five. Apr. 22, 2003.]

NATIONAL COUNCIL AGAINST HEALTH FRAUD, INC., Plaintiff and Appellant, v.
KING BIO PHARMACEUTICALS, INC., et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts IV and V of the DISCUSSION.

1338

## Counsel

Law Offices of Morse Mehrban and Morse Mehrban for Plaintiff and Appellant.

Mark Boling for Consumer Justice Center, Inc., as Amicus Curiae on behalf of Plaintiff and Appellant.

Law Offices of Carlos F. Negrete and Carlos F. Negrete for Defendants and Respondents.

## OPINION

**GRIGNON, J.**—A private plaintiff brought a representative action for unlawful competition (Bus. & Prof. Code, § 17200 et seq.) and false advertising (Bus. & Prof. Code, § 17500 et seq.) against a seller of homeopathic remedies. After the close of plaintiff's case-in-chief in a court trial, judgment was entered in favor of the seller. The trial court imposed the burden of proving that the advertising claims were false or misleading on plaintiff. On appeal, plaintiff acknowledges the trial court correctly imposed the burden of proof under current California law, but contends the law should be changed to impose the burden of proof on a defendant in a false advertising action. In the published portion of this opinion, we conclude the burden of proof properly rests with the plaintiff in such actions. In the unpublished portion of this opinion, we discuss plaintiff's contentions concerning discovery and the contentions of amicus curiae. We affirm.

### PROCEDURAL BACKGROUND

Plaintiff and appellant National Council Against Health Fraud, Inc. (NCAHF) brought a representative action against defendants and respondents King Bio Pharmaceuticals, Inc., and its president Frank J. King, Jr. (collectively King Bio) for unfair competition (Bus. & Prof. Code, §§ 17200, 17203, 17204) and false advertising (Bus. & Prof. Code, §§ 17500, 17535). NCAHF alleged that King Bio's advertising claims for 50 of its homeopathic remedies were false and misleading, in that the products were not effective as claimed. The case proceeded to court trial. At the conclusion of NCAHF's case-in-chief, King Bio moved for judgment under Code of Civil Procedure section 631.8. The trial court granted the motion on the ground NCAHF had failed to prove the advertising claims were false or misleading. Judgment was entered in favor of King Bio. NCAHF appealed. We gave the Consumer Justice Center, Inc. (CJC) permission to file a brief as amicus curiae in support of NCAHF.

## FACTS[1]

King Bio sells homeopathic remedies. According to its product labels and Web site, King Bio's products relieve a variety of symptoms and ills, including: stress, colds, flu, eating disorders, learning disorders, menstrual irregularities, snoring, and tobacco and alcohol cravings.

Homeopathy is a form of alternative medicine. Homeopathic remedies are manufactured using extremely small quantities of various ingredients. Recognized homeopathic remedies are listed in the Homeopathic Pharmacopoeia, which is updated by the Homeopathic Pharmacopoeia Convention, a group of homeopathic practitioners. The convention will not accept a new remedy for inclusion in the Homeopathic Pharmacopoeia without evidence of its safety and efficacy.[2] The federal Food, Drug, and Cosmetic Act (the Act) recognizes as official the remedies and standards in the Homeopathic Pharmacopoeia. The federal Food and Drug Administration (FDA) has issued guidelines under which homeopathic remedies may be marketed. The FDA guidelines permit a homeopathic remedy meeting the standards for strength, quality, and purity set forth in the Homeopathic Pharmacopoeia to be marketed. With the exception of certain labeling and registration requirements not at issue, the FDA does not require homeopathic remedies to satisfy other requirements of the Act. All of the homeopathic remedies marketed by King Bio are listed in the Homeopathic Pharmacopoeia and comply with FDA guidelines.

## DISCUSSION

At trial, NCAHF proceeded on the theory that there is no scientific basis for the advertised efficacy of King Bio's products. NCAHF performed no tests to determine the efficacy of King Bio's products and presented no anecdotal evidence. NCAHF instead argued that King Bio's products were drugs, and the scientific community required representations regarding the efficacy of drugs to be supported by acceptable scientific evidence. NCAHF asserted that the burden of proof should be shifted to King Bio to prove its products' efficacy. On appeal, NCAHF acknowledges that, under current California law, a false advertising plaintiff bears the burden of proving the defendant's advertising claim is false or misleading. NCAHF contends, however, that we should shift the burden of proof to the defendant to

[1]We state the evidence in the light most favorable to the judgment. (Code Civ. Proc., § 631.8; *Jordan v. City of Santa Barbara* (1996) 46 Cal.App.4th 1245, 1254-1255 [54 Cal.Rptr.2d 340].)

[2]Conflicting evidence was introduced as to whether the standards used by the convention for acceptable proof of safety and efficacy would be accepted by the scientific community.

facilitate the campaign against health fraud. NCAHF argues that federal law shifts the burden to the defendant in false advertising actions.

We conclude there is no basis in California law to shift the burden of proof to a defendant in a representative false advertising and unlawful competition action. We conclude further that the Legislature has indicated an intent to place the burden of proof on the plaintiff in such cases. Finally, we conclude federal authority is not apposite.

I.  *False Advertising*

A.  *Business and Professions Code Section 17500*

False advertising is unlawful. Business and Professions Code section 17500 makes it unlawful "with intent directly or indirectly to dispose of real or personal property . . . to make or disseminate . . . before the public in this state . . . [by any] means whatever, . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." A violation of Business and Professions Code section 17500 is a misdemeanor. Civil actions to enjoin false advertising under Business and Professions Code section 17500 may be brought "by the Attorney General or any district attorney, county counsel, city attorney, or city prosecutor in this state in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public." (Bus. & Prof. Code, § 17535.) False advertising actions under Business and Professions Code section 17535 may also seek restitution.

B.  *Business and Professions Code Section 17200*

A violation of Business and Professions Code section 17500 also constitutes unfair competition. (Bus. & Prof. Code, § 17200.) As with false advertising actions, actions to enjoin unfair competition may be brought by a prosecuting authority or private persons acting for themselves or the general public. (Bus. & Prof. Code, § 17204.) Actions under Business and Professions Code section 17204 may also seek restitution. (Bus. & Prof. Code, § 17203.)  ■  In such an action, the plaintiff bears the burden of proving the defendant's advertising claim is false or misleading. (*People v. Superior Court (Kaufman)* (1974) 12 Cal.3d 421, 431, fn. 9 [115 Cal.Rptr. 812, 525 P.2d 716]; *South Bay Chevrolet v. General Motors Acceptance Corp.* (1999) 72 Cal.App.4th 861, 878 [85 Cal.Rptr.2d 301].)

### C.  *Business and Professions Code Section 17508*

Business and Professions Code section 17508 establishes an administrative procedure whereby prosecuting authorities may require an advertiser to substantiate advertising claims. This procedure is limited to prosecuting authorities and may not be utilized by private persons. Business and Professions Code section 17508, subdivision (a) prohibits advertisers from making "any false or misleading advertising claim, including claims that (1) purport to be based on factual, objective, or clinical evidence, that (2) compare the product's effectiveness or safety to that of other brands or products, or that (3) purport to be based on any fact."[3]

Business and Professions Code section 17508, subdivision (b) provides in pertinent part: "Upon written request of the Director of Consumer Affairs, the Attorney General, any city attorney, or any district attorney[,] any person doing business in California and in whose behalf advertising claims are made to consumers in California, including claims that (1) purport to be based on factual, objective, or clinical evidence, that (2) compare the product's effectiveness or safety to that of other brands or products, or that (3) purport to be based on any fact, shall provide to the department or official making the request evidence of the facts on which such advertising claims are based." If the advertiser does not respond "by adequately substantiating the claim within a reasonable time, or if the [prosecuting authority] shall have reason to believe that any such advertising claim is false or misleading," the prosecuting authority may "do either or both of the following: (1) seek an immediate termination or modification of the claim by the person in accordance with [Business and Professions Code s]ection 17535, (2) disseminate information, taking due care to protect legitimate trade secrets, concerning the veracity of such claims, or why such claims are misleading, to the consumers of this state." (Bus. & Prof. Code, § 17508, subd. (c).)

Business and Professions Code section 17508, subdivision (f) expressly provides, "The plaintiff shall have the burden of proof in establishing any violation of this section."

---

[3]When originally enacted, Business and Professions Code section 17508 prohibited only "false advertising claims that (1) purport to be based on factual, objective, or clinical evidence, or that (2) compare the product's effectiveness or safety to that of other brands or products." (Stats. 1972, ch. 1417, § 1, p. 3081.) In 1989, Assembly Bill No. 1543 was introduced to add a third category of false advertising: claims that "purport to be based on 'value,' 'savings' or other areas subject to false or misleading advertising." (Assem. Bill No. 1543 (1989-1990 Reg. Sess.) as introduced Mar. 8, 1989.) An amendment modified this new category to include all claims that "purport to be based on any fact," and modified the statutory language simply to prohibit "any false or misleading advertising claim," including the three enumerated categories. (Assem. Amend. to Assem. Bill No. 1542 (1989-1990 Reg. Sess.) Apr. 10, 1989.)

### D. *Summary*

■ In sum, both private persons and prosecuting authorities may sue to enjoin false advertising and obtain restitution. When they bring such actions, both private persons and prosecuting authorities bear the burden of proving the advertising claims to be false or misleading. Prosecuting authorities, but not private plaintiffs, have the administrative power to request advertisers to substantiate advertising claims before bringing actions for false advertisement, but the prosecuting authorities retain the burden of proof in the false advertising actions.

## II. *Shifting Burden of Proof or Production*

Although NCAHF phrases its argument in terms of the burden of proof, we deem NCAHF to be making arguments both as to the burden of producing evidence and the ultimate burden of proof: (1) a false advertising defendant should have the burden of producing evidence substantiating the challenged advertising claim; and (2) a false advertising defendant should have the burden of proving the challenged advertising claim to be true. We address the two arguments in turn.

### A. *Burden of Producing Evidence*

" 'Burden of producing evidence' means the obligation of a party to introduce evidence sufficient to avoid a ruling against him on the issue." (Evid. Code, § 110.) "The burden of producing evidence as to a particular fact is on the party against whom a finding on that fact would be required in the absence of further evidence. [¶] . . . The burden of producing evidence as to a particular fact is initially on the party with the burden of proof as to that fact." (Evid. Code, § 550.) ■ As a general rule, a plaintiff has the burden of producing evidence to support the allegations of the complaint. (1 Witkin, Cal. Evidence (4th ed. 2000) Burden of Proof and Presumptions, § 5, p. 158.) ■ More specifically, a plaintiff in a false advertising or unlawful competition action has the burden of producing evidence that the challenged advertising claim is false or misleading. (*South Bay Chevrolet v. General Motors Acceptance Corp. supra*, 72 Cal.App.4th at p. 878.) Thus, in this case, under current California law, NCAHF has the burden of producing evidence that the challenged advertising claims of King Bio are false or misleading.

■ NCAHF argues that a private plaintiff is in the same position as the Attorney General and other prosecuting authorities and a failure to shift the burden of producing evidence of truth to the defendants in false advertising

actions under Business and Professions Code sections 17200 et seq. and 17500 et seq. would cripple the Attorney General and other prosecuting authorities in their efforts to protect consumers from false or misleading advertising. This argument is not persuasive. The Legislature, by enacting Business and Professions Code section 17508, recognized the need for the Attorney General and other prosecuting authorities to be able to require advertisers to substantiate advertising claims. With Business and Professions Code section 17508, the Legislature established an administrative procedure by which prosecuting authorities may demand such substantiation. The statute is expressly applicable only to prosecuting authorities. Private plaintiffs are not authorized to demand substantiation for advertising claims.

Nevertheless, NCAHF claims private plaintiffs should be authorized to seek substantiation of advertising claims from advertising defendants by bringing false advertising actions pursuant to Business and Professions Code sections 17200 et seq. and 17500 et seq. and shifting the burden of production to the defendants. NCAHF asserts that a private plaintiff may simply allege that an advertising claim is false or misleading and thereby require the defendant to produce evidence that the claim is true. Thus, NCAHF seeks to obtain by its private plaintiff false advertising action a right which has affirmatively been withheld from private plaintiffs by the Legislature. We decline to thwart the intent of the Legislature by this means.

The Legislature has expressly permitted prosecuting authorities, but not private plaintiffs, to require substantiation of advertising claims. Such a distinction is certainly rational. Business and Professions Code section 17508 permits only a limited number of prosecuting authorities to demand substantiation of advertising claims, not an unlimited number of private persons. This limitation prevents undue harassment of advertisers and is the least burdensome method of obtaining substantiation for advertising claims. Moreover, a prosecuting authority is authorized to disseminate information to consumers concerning unsubstantiated advertising claims. (Bus. & Prof. Code, § 17508, subd. (c).) However, the prosecuting authority is directed to "tak[e] due care to protect legitimate trade secrets." (*Ibid.*) No such restriction would be applicable to private plaintiffs prosecuting false advertising actions were we to shift the burden of production to defendants.

We reject NCAHF's request to change current California law to shift the burden of production of evidence to defendants in false advertising actions. Under current California law, the plaintiff in a false advertising action has the burden of producing evidence to prove the allegations of the complaint that the challenged advertising is false or misleading. The Legislature has

indicated an intent to alter the burden of substantiating advertising claims only with respect to prosecuting authorities. NCAHF has presented no persuasive argument that would justify a change in the existing burden of production as to private plaintiffs, in light of this clear legislative intent.

### B.   *Burden of Proof*

" 'Burden of proof' means the obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." (Evid. Code, § 115.) "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief . . . that he is asserting." (Evid. Code, § 500.) "The party claiming that a person is guilty of . . . wrongdoing has the burden of proof on that issue." (Evid. Code, § 520.) The plaintiff in a false advertising action has the burden of proving that the challenged advertising claim is false or misleading. (*South Bay Chevrolet v. General Motors Acceptance Corp., supra,* 72 Cal.App.4th at p. 878.)

On rare occasions, the courts have altered the normal allocation of the burden of proof. (*McGee v. Cessna Aircraft Co.* (1983) 139 Cal.App.3d 179, 187 [188 Cal.Rptr. 542].) The shift in the burden of proof from the plaintiff to the defendant rests on a policy judgment that there is a substantial probability the defendant has engaged in wrongdoing and the defendant's wrongdoing makes it practically impossible for the plaintiff to prove the wrongdoing. (See *Galanek v. Wismar* (1999) 68 Cal.App.4th 1417, 1426 [81 Cal.Rptr.2d 236].) Thus, the normal allocation of the burden of proof has been shifted in spoliation of evidence cases (*ibid.*),[4] negligence per se actions (*McGee v. Cessna Aircraft Co., supra,* 139 Cal.App.3d at p. 190), and product liability cases based on design defect (*Barker v. Lull Engineering Co.* (1978) 20 Cal.3d 413, 431 [143 Cal.Rptr. 225, 573 P.2d 443, 96 A.L.R.3d 1]).[5] Even in these cases, however, the plaintiff has the burden of producing some evidence before the burden of proof is shifted to the defendant. In spoliation of evidence cases, for example, the plaintiff must produce evidence that the defendant failed to preserve the evidence and establish a

---

[4]We recognize the California Supreme Court has concluded that there is no cause of action for intentional spoliation of evidence. (*Temple Community Hospital v. Superior Court* (1999) 20 Cal.4th 464, 477-478 [84 Cal.Rptr.2d 852, 976 P.2d 223]; *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 17-18 [74 Cal.Rptr.2d 248, 954 P.2d 511].) Various Courts of Appeal have held there is no cause of action for negligent spoliation of evidence. (*Lueter v. State of California* (2002) 94 Cal.App.4th 1285, 1301 [115 Cal.Rptr.2d 68]; *Coprich v. Superior Court* (2000) 80 Cal.App.4th 1081, 1090 [95 Cal.Rptr.2d 884]; but see *Penn v. Prestige Stations, Inc.* (2000) 83 Cal.App.4th 336, 345 [99 Cal.Rptr.2d 602].)

[5]Sometimes a shift in the burden of proof is effectuated by means of a presumption. (E.g., Evid. Code, § 669.)

substantial probability of causation before the burden of proof shifts to the defendant to prove the failure to preserve the evidence did not cause damage to the plaintiff. (*Galanek v. Wismar, supra,* 68 Cal.App.4th at p. 1427.) As another example, in negligence per se actions, the plaintiff must produce evidence of a violation of a statute and a substantial probability that the plaintiff's injury was caused by the violation of the statute before the burden of proof shifts to the defendant to prove the violation of the statute did not cause the plaintiff's injury. (*Haft v. Lone Palm Hotel* (1970) 3 Cal.3d 756, 772 [91 Cal.Rptr. 745, 478 P.2d 465].) Similarly, in design defect cases, the plaintiff must produce evidence that his or her injury was caused by the design of the product, before the burden of proof shifts to the defendant to prove the design of the product was not defective. (*Barker v. Lull Engineering Co., supra,* 20 Cal.3d at p. 431.) We are aware of no cases in which the burden of proof shifts to the defendant upon the filing of the complaint. (See *Jones v. Ortho Pharmaceutical Corp.* (1985) 163 Cal.App.3d 396, 406 [209 Cal.Rptr. 456] ["There is a limit to the number of presumptions in which the court will indulge solely for the purpose of assisting plaintiff in proving a case, especially when there is no evidentiary starting point from which those presumptions can flow."].)

■ In this case, NCAHF alleged that King Bio made false advertising claims as to the efficacy of 50 of its products. NCAHF presented evidence that King Bio made advertising claims as to the effectiveness of its homeopathic remedies in relieving various symptoms and ills. For example, one of King Bio's remedies was advertised as effective in alleviating stress and a second remedy was advertised as effective in reducing cravings for tobacco. NCAHF presented expert testimony of the inefficacy of homeopathic remedies in general, but presented no evidence concerning the efficacy of King Bio's products. Based on this production of evidence, NCAHF contends that public policy required the burden of proof to be shifted to King Bio to prove that its remedies were effective as claimed, i.e., the advertising claims were true. We reject this contention for a number of reasons.

Public policy in this regard has been clearly established by the Legislature. The Legislature has established as a general rule that the burden of proof is on the plaintiff to establish a defendant's wrongdoing. (Evid. Code, § 520.) More specifically, the Legislature has confirmed that the burden of proof rests with the plaintiff in false advertising actions. (Bus. & Prof. Code, § 17508, subd. (f).) In Business and Professions Code section 17508, the Legislature has authorized prosecuting authorities to administratively seek substantiation of advertising claims from advertisers. If substantiation is not forthcoming, is inadequate, or fails to dispel the belief the advertising claim

is false or misleading, the prosecuting authority may bring an action for false advertising under Business and Professions Code section 17535. In these actions for false advertising, the prosecuting authority is expressly assigned the burden of proof. It would be inappropriate to shift the burden of proof to the defendant in a private plaintiff false advertising action when the private plaintiff is not statutorily authorized to seek substantiation of the advertising claim from the defendant.

Public policy against a shifting of the burden of proof is also found in the federal regulation of homeopathic remedies. The Act recognizes as official the remedies and standards of the Homeopathic Pharmacopoeia. Homeopathic remedies are included in the Homeopathic Pharmacopoeia only after acceptance by the Homeopathic Pharmacopoeia Convention following submission of evidence of the remedy's efficacy and safety. The FDA permits homeopathic remedies included in the Homeopathic Pharmacopoeia to be marketed. King Bio's products are included in the Homeopathic Pharmacopoeia and otherwise comply with FDA regulations. Thus, prior to the marketing of a product by King Bio, the general efficacy and safety of the remedy has been substantiated to the extent required by federal law. Public policy would not be furthered under these circumstances by requiring King Bio to substantiate its advertising claims as to general efficacy every time a private plaintiff brings a false advertising action. This federal regulation of homeopathic remedies also makes it less likely that there is a substantial probability of wrongdoing by King Bio.

Finally, there is nothing in the nature of a false advertising action that makes it difficult for a plaintiff to prove the allegations of the complaint. The homeopathic remedies are marketed and readily available for testing by a plaintiff. The falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence. That NCAHF does not wish to bear the expense of proving its case does not mean that the burden and expense should be shifted to King Bio. Nothing King Bio has done has made it practically impossible for a plaintiff to prove that the advertising claims are false or misleading.

III. *Federal Law*

NCAHF relies on cases arising under the Federal Trade Commission Act (FTC Act) and the Lanham Act to argue that federal law shifts the burden of proof to defendants in false advertising actions.

A. *FTC Act*

The FTC Act prohibits, "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." (15 U.S.C. § 45(a)(1).) False advertising is specifically defined to be

an unfair or deceptive act or practice. (15 U.S.C. § 52.) The FTC is empowered to prevent the use of unfair competition and unfair or deceptive practices. (15 U.S.C. § 45(a)(2).) The FTC can issue a complaint against the defendant and set an administrative hearing before the FTC. If the hearing results in an order against the defendant, the defendant may appeal to the federal circuit court of appeals, seeking to set aside the FTC's order. (15 U.S.C. § 45(b), (c).) If the FTC seeks to enjoin an unfair or deceptive practice pending the issuance of a complaint or before it is finally adjudicated, the FTC may bring an action in federal district court to temporarily enjoin the practice. (15 U.S.C. § 53.) In proper cases, the FTC may seek a permanent injunction. (*Ibid.*) In either type of proceeding, the FTC bears the burden of proof. (15 U.S.C. § 53(b)(2); *Porter & Dietsch, Inc. v. F.T.C.* (7th Cir. 1979) 605 F.2d 294, 305-306; *In re Pfizer, Inc.* (1972) 81 F.T.C. 23.)

Congress has delegated to the FTC the authority to define unfair trade practices. (*In re Pfizer, Inc., supra,* 81 F.T.C. 23.) In 1972, the FTC determined that it is unfair to make an affirmative advertising claim without a reasonable basis for making that claim. (*Ibid.*) The type of basis considered sufficient depends on the type of advertising claim made. "Many ads contain express or implied statements regarding the amount of support the advertiser has for the product claim. When the substantiation claim is express (e.g., 'tests prove,' 'doctors recommend,' and 'studies show'), the [FTC] expects the firm to have at least the advertised level of substantiation. . . . [¶] Absent an express or implied reference to a certain level of support, and absent other evidence indicating what consumer expectations would be, the [FTC] assumes that consumers expect a 'reasonable basis' for claims." (FTC Policy Statement Regarding Advertising Substantiation, 49 Fed.Reg. 30999, Aug. 2, 1984.) ■ The former type of claim is sometimes called an "establishment" claim, while the latter is a "non-establishment" claim. (*Removatron Intern. Corp. v. F.T.C.* (1st Cir. 1989) 884 F.2d 1489, 1492, fn. 3.) The level of substantiation necessary to support a non-establishment claim varies depending on the claim made. Sometimes, clinical testing is required to provide a reasonable basis for a nonestablishment claim, but this is not always the case. (*Thompson Medical Co., Inc. v. F.T.C.* (1986) 791 F.2d 189, 194-195.) For a nonestablishment claim, what constitutes a reasonable basis depends on a number of factors, including "the type of claim, the product, the consequences of a false claim, the benefits of a truthful claim, the cost of developing substantiation of the claim, and the amount of substantiation experts in the field believe is reasonable." (FTC Policy Statement Regarding Advertising Substantiation, 49 Fed.Reg. 30999, *supra.*)

Regardless of the level of substantiation required, however, the FTC still bears the burden of proving advertising claims are false or misleading.

(*Sterling Drug, Inc. v. F.T.C.* (9th Cir. 1984) 741 F.2d 1146, 1150; *Porter & Dietsch, Inc. v. F.T.C., supra,* 605 F.2d at pp. 305-306.) In other words, the FTC may administratively impose on an advertiser the burden of producing evidence to substantiate its advertising claims, but the FTC, in an action for false advertising, bears the burden of proving the advertising claim is, in fact, false or misleading. In this respect, the FTC Act is very similar to Business and Professions Code section 17508 and provides no support for NCAHF's position.

### B. Lanham Act

The Lanham Act provides: "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device . . . which [¶] . . . [¶] . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." (15 U.S.C. § 1125(a)(1).) ■ This section of the Lanham Act does not provide for prosecution by government authorities; it provides for civil actions by competitors. In a competitor action for false advertising under the Lanham Act, the plaintiff has the burden of proving the defendant's advertisement is false or misleading. (*Castrol Inc. v. Pennzoil Co.* (3d Cir. 1993) 987 F.2d 939, 943-944; *Procter & Gamble Co. v. Chesebrough-Pond's Inc.* (2d Cir. 1984) 747 F.2d 114, 119.)

The burden of production in a Lanham Act case depends on whether the advertisement at issue is an establishment claim. "Where a plaintiff challenges a test-proven superiority advertisement, the defendant must identify the cited tests. Plaintiff must then prove that these tests did not establish the proposition for which they were cited." (*Castrol, Inc. v. Quaker State Corp.* (2d Cir. 1992) 977 F.2d 57, 63.) If, however, the challenged advertisement is a nonestablishment claim, the plaintiff must simply prove it false. In such a case, the fact that the defendant might rely on unpersuasive evidence to support the advertising claim would not entitle the plaintiff to relief. (*Procter & Gamble Co. v. Chesebrough-Pond's Inc., supra,* 747 F.2d at p. 119.) Instead, the plaintiff must affirmatively prove the advertising claim is false. (*Ibid.; RPR v. Merrell Dow, Inc.* (8th Cir. 1996) 93 F.3d 511, 514.)

Under the Lanham Act, a competitor can require an advertiser to identify the tests expressly relied on in an advertising claim. While reasons of fairness may compel disclosure of the tests relied upon when an advertisement claims its results are supported by tests, we need not reach the issue in

this case. NCAHF conceded at trial that the only advertisements at issue in this case were non-establishment claims. Thus, even if we were to adopt the limited shifting of the burden of production used in Lanham Act cases, it would be of no assistance to NCAHF.

IV., V.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## DISPOSITION

The judgment is affirmed. National Council Against Health Fraud, Inc., is to bear King Bio Pharmaceuticals, Inc.'s and Frank J. King, Jr.'s costs on appeal.

Turner, P. J., and Armstrong, J. concurred.

---

*See footnote, *ante,* page 1336.