FILED

**NOT FOR PUBLICATION**

MAR 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICIO CHAVEZ, individually and on behalf of all others similarly situated; ZANETTA TADDESSE-BONSIGNORE, individually and on behalf of all others similarly situated; VINCENT BONSIGNORE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> NESTLE USA, INC., a Delaware Corporation, <br><br> Defendant - Appellee. | No. 11-56066 <br><br> D.C. No. 2:09-cv-09192-GW-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 12, 2013
Pasadena, California

Before: GOODWIN, KLEINFELD, and SILVERMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellants challenge the district court's dismissal of their claims under California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL"). We affirm in part, reverse in part, and remand.

The district court correctly dismissed Appellants' claims regarding Juicy Juice Immunity. Appellants must show that members of the public are likely to be deceived by the labels and advertising at issue, and there is simply nothing false, deceptive, or misleading about the challenged Juicy Juice Immunity materials. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-39 (9th Cir. 2008).

On the other hand, Appellants' allegations regarding Juicy Juice Brain Development will support viable FAL and UCL fraudulent business practices claims.[1] Construing the averments of fact in Appellants' favor, *see id.* at 937, they have adequately pled that "members of the public are likely to be deceived" by the Juicy Juice Brain Development labeling and advertisements. *Id.* at 938 (internal quotation marks and citations omitted). Appellants' complaint, which must be taken as true, *id.* at 937, includes: the product name; the product labels and advertisements that induced Appellants' reliance; and the allegation that the product actually contains very small amounts of the touted ingredient, DHA.

---

[1] While Appellants' complaint also cited "unfair" and "unlawful" theories of UCL liability, they have waived any challenge to the district court's dismissal of those claims. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Dodd v. Hood River Cnty.*, 59 F.3d 852, 863 (9th Cir. 1995); *City of Emeryville v. Robinson*, 621 F.3d 1251, 1262 n.10 (9th Cir. 2010).

Appellants then plead that in order to obtain enough DHA from the Juicy Juice to promote potential brain development, young children need to consume an impractical and extremely high quantity of juice—more than a bottle's worth each day. These allegations, combined with Appellants' claims of "injury in fact" and "lost money or property" resulting from the misrepresentations, *see Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011); *In re Tobacco II Cases*, 207 P.3d 20, 29-32 & n.8 (Cal. 2009), are adequate to state a claim under *Williams*.

The primary jurisdiction doctrine did not provide an alternative basis for dismissing the Juicy Juice Brain Development claims.[2] Where, as here, the doctrine is invoked at the motion to dismiss stage, the question is "whether the complaint plausibly asserts a claim that would *not* implicate the doctrine." *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1252 (9th Cir. 2009), *rev'd on other grounds*, 131 S. Ct. 1342 (2011). Appellants' claims do not necessarily implicate primary jurisdiction, and the FDA has shown virtually no interest in regulating DHA in this context.

The parties shall bear their own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

_____

[2] A district court's invocation of the primary jurisdiction doctrine is reviewed *de novo*. *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1364 n.15 (9th Cir. 1987).

Chavez v. Nestle, Inc., 11-56066

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent and would affirm dismissal of all claims.

Despite three iterations of the complaint, appellants have not pleaded any false statement. They plead that the advertisements suggesting that the additives in Juicy Juice are good for children are "likely to deceive" the public. Under Twombly and Iqbal, particularly since Federal Rule of Civil Procedure 9(b) applies, more than that conclusory claim is necessary.[1] The complaint does not suggest that anything in Juicy Juice is bad for children's brain development, just that "the scientific evidence is mixed" as to whether DHA (an omega-3 fatty acid, and one of the nutrients in fish oil capsules) is beneficial to children. They also allege that Nestle has not substantiated the benefit by scientific proof, and that a child would have to drink more than a quart a day of Juicy Juice to get the recommended daily allowance of DHA.

---

[1]Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).

1

Under National Council Against Health Fraud, Inc. v. King Bio

Pharmeceuticals, Inc., "[p]rivate plaintiffs are not authorized to demand

substantiation for advertising claims."[2]  There is nothing in Nestle's ads that says

all a child needs is a few ounces of Juicy Juice a day for maximum brain

development.  The ads say the opposite: "Juicy Juice Brain Development . . . [is

an] *additional resource* for parents to incorporate much needed nutrients into their

child's diet."[3]


We held in Williams v. Gerber Products Co. that plaintiffs must plead facts

to show that a "reasonable consumer" is "likely to be deceived" by the advertising

alleged to be violative of the statutes at issue.[4]  Under Twombly and Iqbal, such a

claim must be at least "plausible."[5]  It is not plausible that any reasonable person

would understand Nestle's ads to mean that all a child needs is Juicy Juice.  When

a child's mother tells him to eat his broccoli because it is good for him, she is not

misleading the child, even though eating only broccoli and nothing else would

---

[2]Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 107 Cal. App. 4th 1336, 1345 (2003).

[3]Emphasis added.

[4]Williams v. Gerber Prod's Co., 552 F.3d 934, 939 (9th Cir. 2008).

[5]Iqbal, 556 U.S. at 678-79; see also Twombly, 550 U.S. at 555-57.

2

probably be bad for the child.  The majority's reading is contrary to the "common sense" and plausibility required by <u>Twombly</u> and <u>Iqbal</u>.[6]

<u>Williams</u>[7] does not support the majority.  In <u>Williams</u>, the manufacturer showed pictures of several different fruits along with the phrase "fruit juice," which "could likely deceive a reasonable consumer" into thinking that the fruits in the picture were also in the snack.[8]  Most were not, only one was.  Here Nestle says that the juice contains 16 milligrams of DHA, which the plaintiffs do not dispute.

---

[6]<u>Iqbal</u>, 556 U.S. at 679; <u>see also</u> <u>Twombly</u>, 550 U.S. at 555-57.

[7]<u>Williams</u>, 552 F.3d 934.

[8]<u>Id.</u> at 939.

3