**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL BITTON; BRIAN O'TOOLE; ROBERT SOKOLOVE, on behalf of themselves and all others similarly situated,

Plaintiffs - Appellants,

v.

GENCOR NUTRIENTES, INC., a California corporation; GE NUTRIENTS, INC., a California corporation; JITH VEERAVALLI, the President and Chief Executive Officer of Gencor and GE Nutrients; GENERAL NUTRITION CORPORATION, a Pennsylvania corporation; GNC CORPORATION, a Delaware corporation; GENERAL NUTRITION CENTERS, INC., a Delaware corporation; S&G PROPERTIES, LLC, a Pennsylvania limited liability company; DIRECT DIGITAL LLC, a Delaware limited liability company; BRANDON ADCOCK, an individual; PAUL REICHELT, an individual; JOHN KIM, an individual; TRUDEMA, LLC, a Nevada limited liability company; FORCE FACTOR LLC, a Delaware limited liability company,

Defendants - Appellees.

No.    14-56381

D.C. No. 2:14-cv-03754-R-E

MEMORANDUM[*]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 10, 2016
Pasadena, California

Before: GOULD and HURWITZ, Circuit Judges, and RESTANI,** Judge.

Michael Bitton, Brian O'Toole, and Robert Sokolove (collectively, "Plaintiffs") appeal the dismissal with prejudice of their putative class action complaint against Gencor Nutrients, Inc., and GE Nutrients, Inc. ("Gencor"); Direct Digital, LLC, Truderma, LLC, and Force Factor, LLC, ("Wholesalers"); General Nutrition Corporation and related entities ("GNC"); and several executives of the named corporate entities (together with the corporate entities, "Defendants"). Gencor manufactures Testofen—an extract of the herb fenugreek. The Wholesalers and GNC manufacture nutritional supplements containing Testofen, which GNC sells to the public. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, vacate in part, and remand.

1. Gencor claimed that a "double-blind, randomized, placebo-controlled human clinical study" established "statistically significant results" showing increases in "free testosterone" in study participants who took Testofen. Plaintiffs

---

** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

allege that they purchased Testofen products in reliance on this representation, which they allege is false. Although Plaintiffs concede that Gencor conducted a clinical trial, the complaint alleges that the trial's results—when subjected to "universally-accepted principles of statistical analysis," which require adjustment for the likelihood of a "false positive" when multiple variables are analyzed—do not establish a "statistically significant" increase in free testosterone levels in study participants. The complaint alleges that application of the "simplest and most commonly used method of making such adjustments"—the "Bonferroni correction"—establishes that the trial's results as to free testosterone are not statistically significant. These allegations are supported by an expert report (the "Jewell report"), attached to the complaint, which critiqued Gencor's Testofen study and concluded that Gencor's claims as to the study's results were false.

2. The complaint asserted claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968; claims under California and New York false advertising and deceptive business practices statutes;[1] breach of express and implied warranties; negligent misrepresentation; and common law fraud and restitution. The district court dismissed all claims with

---

[1] California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750–1784; California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210; California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500–17509; New York Gen. Bus. L. §§ 349, 350.

3

prejudice. The court dismissed: (1) the claims against all individual defendants for lack of personal jurisdiction or, alternatively, failure to adequately allege alter ego liability; (2) the RICO claim for failure to allege acts of mail and wire fraud with particularity as required by Federal Rule of Civil Procedure 9(b); (3) the breach of warranty claims for failure to allege reliance, causation, and injury; and (4) all remaining claims on the theory that, even taking the Jewell report as true, "it does not allege that Gencor's clinical trial was not statistically significant." In support of the latter conclusion, the district court cited an article from "Wolfram MathWorld" for the proposition that "[t]he Bonferroni correction is the simplest and most conservative approach used to correct for" multiple variables. The court concluded that "fail[ing] the Bonferroni correction test" does not necessarily mean that a study's results are not statistically significant, and assumed that less conservative methods of correction would show that the results of the Testofen study were statistically significant. The district court therefore held that "the factual evidence provided directly contradicts all the substantive claims Plaintiffs ma[d]e" and that amendment would be futile.

3. The district court erred in relying on its interpretation of the Bonferroni correction. Although the complaint incorporated by reference a Wikipedia page on the Bonferroni correction, the district court relied on a different publication (a link to which was apparently embedded in the cited Wikipedia page) for the proposition

4

that it is the "most conservative" correction. The latter article was not before the court, which should have ruled only on the sufficiency of the allegations in the complaint. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). More importantly, the accuracy of statements on the Wikipedia page and in the article, and the court's assumption that application of other corrections would confirm that the Gencor study produced statistically significant results, are not proper subjects for judicial notice. *See* Fed. R. Evid. 201.

4.     We may, however, affirm the judgment below in whole or in part "upon any basis fairly supported by the record." *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). Defendants argue that the complaint should be dismissed, at least in part, because a private plaintiff asserting claims under California's false advertising and unfair competition statutes "has the burden of producing evidence that the challenged advertising claim is false or misleading," and does not state a claim merely by demanding that an advertising claim be substantiated. *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. Rptr. 2d 207, 213 (Ct. App. 2003); *see also* Cal. Bus & Prof. Code. §§ 17200–17210.; Cal. Bus. & Prof. Code §§ 17500–17509; N. Y. Gen. Bus. L. §§ 349, 350. "Prosecuting authorities, but not private plaintiffs, have the

5

administrative power to request advertisers to substantiate advertising claims before bringing actions for false advertisement." *King Bio*, 107 Cal. Rptr. 2d at 212. But, the Plaintiffs do not here seek substantiation for a claim that Testofen increases free testosterone levels, or even challenge it; rather, they only allege that the assertion that the Gencor trial produced statistically significant results is false. "The falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence," *id.* at 216, and Plaintiffs append to their complaint an expert report stating that the trial's results as to free testosterone were not statistically significant. Those allegations are sufficient to state a claim for violation of the California and New York statutes. *See Mullins v. Premier Nutrition Corp.*, --- F. Supp. 3d ---, 2016 WL 1534784, at *15–16 (N.D. Cal. 2016) (rejecting the argument that plaintiff only claimed a lack of substantiation because plaintiff "advanced expert evidence to disprove Premier's health claims"); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 543 (S.D.N.Y. 2013) (considering and dismissing the argument that "plaintiffs' claims merely amount to a nonactionable 'lack of substantiation' claim" under New York Gen. Bus. L. § 349).[2]

---

[2] The district court dismissed Plaintiffs' negligent misrepresentation claim based its interpretation of the Bonferroni correction. To the extent that Plaintiffs allege that Defendants negligently misrepresented the statistical validity of the trial results, that claim survives a motion to dismiss for the same reasons.

5. Defendants also argue that the CLRA claim was properly dismissed for failure to comply with the requirement that a consumer, thirty days before filing a suit seeking damages under the statute, "[n]otify the person alleged to have" engaged in unfair business practices and "[d]emand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation." Cal. Civ. Code § 1782(a). The complaint only alleges that such notice was sent to Gencor, Direct Digital, and GNC; and that notice was not sent by a named plaintiff. But, even if the notice was deficient, the district court erred in dismissing the CLRA claims with prejudice. "A dismissal *with prejudice* of a damages claim filed without the requisite notice is not required to satisfy" the purposes of the notice requirement. *Morgan v. AT & T Wireless Servs., Inc.*, 99 Cal. Rptr. 3d 768, 789 (Ct. App. 2009). "Instead, the claim must simply be dismissed until 30 days or more after the plaintiff complies with the notice requirements." *Id.*

6. The district court's order rests on firmer ground, however, with respect to the complaint's claims under RICO and for common law fraud. "The RICO statute sets out four elements: a defendant must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014); *see also* 18 U.S.C. § 1962(c). "Racketeering activity . . . requires predicate acts," which, when "alleged to be mail and wire fraud under

7

18 U.S.C. §§ 1341 and 1343," must plausibly allege a defendant's "specific intent to defraud." *Eclectic Props.*, 751 F.3d at 997. A claim for common law fraud in California requires "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (quotation marks omitted). "[C]ircumstances constituting fraud" must be pleaded with particularity; that is also the case when alleged fraud forms the predicate acts of a RICO claim. Fed. R. Civ. P. 9(b); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400–01 (9th Cir. 1986).

7. The complaint alleges that Gencor deliberately manipulated the identification of primary and secondary variables in the Testofen study, but Plaintiffs "have not nudged their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint contains no factual allegations plausibly suggesting that the results of the study were altered or that any Defendant knew that the study was either falsified or unreliable. Contrary to Plaintiffs' argument, fraudulent intent cannot be inferred from the mere fact that their counsel sent some of the Defendants copies of the Jewell report, and that those Defendants nonetheless continued marketing and selling Testofen products. At most, this plausibly establishes that some Defendants were aware that a single litigation expert hired by Plaintiffs' counsel had opined that Gencor's claims about the statistical significance of the clinical trial were false, while those who conducted

8

the study had a contrary view. Taken as a whole, the complaint's allegations are insufficient to allow us to "infer reasonably" that the conduct at issue—the purchase, marketing, and sale of legal goods by legitimate businesses—"is plausibly part of a fraudulent scheme." *Eclectic Props.*, 751 F.3d at 998. Nor have Plaintiffs suggested that the complaint can be amended to allege intent to defraud with further specificity. Dismissal with prejudice of the RICO and common law fraud claims was therefore proper. *See id.* at 997–98 (affirming dismissal of civil RICO claim because plaintiffs' allegations of defendant's specific intent to defraud did not "state a plausible entitlement to relief").

8. The district court dismissed the common law breach of warranty claims for failure to "allege reliance, causation, and injury." We disagree with that finding. The complaint sets out the specific representation about the statistical significance of the Gencor survey, along with other more general representations made by the Wholesalers and GNC; alleges that all named Plaintiffs relied on those representations in purchasing the products; and alleges injury in the form of the amount paid for each product. Privity is not required for breach of warranty claims for consumable goods. *See Jones v. ConocoPhillips*, 130 Cal. Rptr. 3d 571, 582 (Ct. App. 2011) (recognizing "exceptions to the privity requirement" "in cases involving foodstuffs, drugs and pesticides, [and] substances marketed with the knowledge the purchaser may not be the ultimate consumer of the product").

9

9.     Nevertheless, the breach of warranty claims were properly dismissed. Breach of warranty is not equivalent to false advertising; a breach of warranty claim must allege that the product has not performed or will not perform in the manner expressly or impliedly warranted.  *See Hicks v. Kaufman & Broad Home Corp.*, 107 Cal. Rptr. 2d 761, 768 (Ct. App. 2001).  The complaint does not allege that the Testofen products cannot increase free testosterone levels, nor does it even assert that the product failed to do so for the named Plaintiffs.  Rather, the complaint claims only that representations regarding the statistical significance of the results of the clinical trial were false.  But, because it is not clear that amendment of the complaint would be futile, the district court abused its discretion in dismissing the warranty claims with prejudice.  *See* Fed. R. Civ. P. 15(a)(2).  We therefore remand to afford Plaintiffs the opportunity to amend.

10.     The district court also erred in finding that it lacked personal jurisdiction over Gencor CEO Jith Veeravalli, a California citizen.  But the district court also held that the complaint does not allege facts that would support either a finding of alter-ego or individual liability.[3]  Plaintiffs failed to challenge this alternative holding in their opening brief, and therefore waived the issue on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

---

[3]     Plaintiffs do not challenge the district court's dismissal of claims against Brandon Adcock, Paul Reichelt, and John Kim, the other individual Defendants.

10

11. We decline Plaintiffs' request "for the extraordinary measure of reassignment" to a different judge on remand. *McSherry v. City of Long Beach*, 423 F.3d 1015, 1023 (9th Cir. 2005). "There is no indication in the record that the district court will be unable to put out of [its] mind previously expressed views or that reassignment is necessary to preserve the appearance of justice." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1043–44 (9th Cir. 2010) (quotation marks omitted).

12. In sum, we (1) reverse the dismissal of the California and New York statutory claims and the negligent misrepresentation claim; (2) affirm the dismissal of the civil RICO and fraud claims and claims against Veeravalli; and (3) vacate the dismissal with prejudice of the CLRA and breach of warranty claims.[4]

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.**

---

[4] Plaintiffs do not challenge the dismissal of the stand-alone restitution claim.