**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN SANDOVAL, on behalf of himself
and all others similarly situated,

           Plaintiff - Appellant,

  v.

PHARMACARE US, INC.,

           Defendant - Appellee.

No.    16-56301

D.C. No. 3:15-cv-00738-H-JLB

MEMORANDUM*

JONATHAN KANFER,

           Plaintiff - Appellant,

  v.

PHARMACARE US, INC., a Delaware
Corporation,

           Defendant - Appellee.

No.    16-56710

D.C. No. 3:15-cv-00120-H-JLB

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, Senior District Judge, Presiding

Argued and Submitted February 6, 2018
Pasadena, California

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:  CALLAHAN and NGUYEN, Circuit Judges, and PRATT,** District Judge.

John Sandoval ("Sandoval") and Jonathan Kanfer ("Kanfer") appeal the district court's orders granting summary judgment in favor of Appellee PharmaCare US, Inc. ("PharmaCare"), denying class certification, and other interlocutory rulings.  We have jurisdiction under 28 U.S.C. § 1291.

1.   Reviewing the district court's grant of summary judgment de novo, *see Glenn v. Wash. Cty.*, 673 F.3d 864, 870 (9th Cir. 2011), we affirm in part and reverse in part.

a.   We affirm the district court's order granting summary judgment to PharmaCare on Sandoval's and Kanfer's false advertising and express warranty claims based on the IntenseX website.  To sustain a false advertising claim under California law, a plaintiff must show that he actually relied on the allegedly false advertising.  *See In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009); *Cohen v. DirecTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009).  To prove an express warranty claim, a plaintiff must show that the seller's affirmation of fact or promise formed the "basis of the bargain."  *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010).  If "the resulting bargain does not rest at all on the representations of the seller, those representations cannot be considered as becoming any part of the

---

** The Honorable Robert W. Pratt, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

2

'basis of the bargain.'" *Keith v. Buchanan*, 173 Cal. App. 3d 13, 23 (1985) (citation omitted). Here, Sandoval testified that the website had no effect on his decision to purchase IntenseX, and Kanfer failed to submit sufficient evidence that he viewed and relied on the website before his first purchase of IntenseX. Therefore, their website-based false advertising and express warranty claims fail.

b. We reverse the district court's order granting summary judgment to PharmaCare on Sandoval's and Kanfer's false advertising and express warranty claims based on the IntenseX label (as opposed to the website). IntenseX's label stated that the product would "intensify" a user's "endurance, stamina, and sexual performance," and included a seal stating that IntenseX was "Laboratory Quality Tested." These statements are sufficiently specific and concrete such that a reasonable consumer could construe it as an affirmation of fact or promise and not just the seller's opinion. *See Keith*, 173 Cal. App. 3d at 21 (stating that a seller's statements during negotiations "are presumptively affirmations of fact unless . . . the buyer could only have reasonably considered the statement as a statement of the seller's opinion"). While the word "intensify" may have multiple meanings, when read in context, the label's statements could convey to a reasonable consumer that IntenseX will increase the consumer's endurance and stamina during sex and that its effectiveness has been laboratory tested. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (explaining that false

3

advertising claims are governed under a "reasonable consumer" test). Sandoval and Kanfer testified that they experienced no such increase in endurance or stamina after taking IntenseX, and they submitted expert testimony and scientific literature showing that products such as IntenseX have not been proven to improve a user's sexual performance in any way. This evidence was sufficient to create a genuine issue of fact for a jury. *See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1348 (2003) ("The falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence."). Because we reverse as to Sandoval's and Kanfer's label-based express warranty claim, we also reverse as to their implied warranty of merchantability claim. *See* Cal. Com. Code § 2314(2) (providing that "merchantable" goods must "[c]onform to the promises or affirmations of fact made on the container or label if any").

      c. We also reverse the district court's order granting summary judgment to PharmaCare on Sandoval's and Kanfer's Unfair Competition Law ("UCL") claim based on PharmaCare's alleged failure to comply with federal law. *See* Cal. Bus. & Prof. Code § 17200. 21 C.F.R. § 310.528(b) requires any over-the-counter ("OTC") aphrodisiac drug to be approved by the FDA before marketing. A product marketed as a dietary supplement will be regulated as a drug "[i]f the label or labeling of [the dietary supplement] bears a disease claim." 21

4

C.F.R. § 101.93(f); *see also id.* § 310.528(a). "Labeling" is construed broadly under the Food, Drug, and Cosmetic Act ("FDCA") and includes any article that "supplements or explains" the product even if the article is not physically attached to it. *See Kordel v. United States*, 335 U.S. 345, 349–50 (1948). Here, the IntenseX label refers consumers specifically to www.intensex.com (rather than PharmaCare's company website), which contains information only about IntenseX, including the product's ingredients, their beneficial properties, and their ability to treat diseases. Under *Kordel*, the IntenseX website supplements or explains the IntenseX product. And as the district court recognized when it ruled on PharmaCare's motions to dismiss, some of these website representations are disease claims. *See* 21 U.S.C. § 343(r)(6); 21 C.F.R. § 101.93(g). Therefore, PharmaCare's alleged failure to obtain approval of IntenseX as an OTC aphrodisiac drug under 21 C.F.R. § 310.528 creates a basis for a claim under the UCL's unlawful prong.[1] *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1360–61 (2010) (stating that the UCL "borrows" violations of other laws and treats them as unlawful practices that are independently actionable).

2. Reviewing for abuse of discretion, *see United States v. Bahena-Cardenas*, 411 F.3d 1067, 1078 (9th Cir. 2005), we affirm the district court's order

---

[1] Because we hold that Plaintiffs can pursue their UCL claim under the OTC aphrodisiac drug theory, we need not and do not address whether the district court erred in holding that the IntenseX labeling made only "structure/function" claims.

5

excluding Sandoval's expert rebuttal reports. The district court reasonably allowed the use of rebuttal reports "only to the extent they are true rebuttal."

3. Reviewing for abuse of discretion, *see Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 725 (9th Cir. 2007), we affirm the district court's denial of class certification. The district court did not err in concluding that Sandoval's and Kanfer's claims are not typical of the proposed class, which included prospective members who, unlike Sandoval and Kanfer, suffered sexual health problems and purchased IntenseX based on the website's representations that it can treat sexual-health conditions. In addition to the economic injury from buying IntenseX, these class members may have suffered additional harm from taking IntenseX rather than seeking medical treatment. Therefore, they may have other claims and remedies available to them and different incentives for how best to pursue their interests. *Cf. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–27 (1997) (noting the different interests between the "currently injured" and "exposure-only plaintiffs"). Nothing precludes the district court, however, from exercising its discretion to revisit the class certification issue on remand should it find it appropriate to do so.

\*    \*    \*

In sum, we affirm the district court's orders (1) granting summary judgment on Sandoval's and Kanfer's website-based false advertising and express warranty claims, (2) limiting the use of Sandoval's expert rebuttal reports, and (3) denying

class certification. We reverse the district court's order granting summary judgment on the (1) label-based false advertising and express warranty claims, (2) implied warranty of merchantability claim, and (3) UCL unlawful prong claim based on PharmaCare's alleged failure to comply with federal law.

**AFFIRMED IN PART AND REVERSED IN PART.**

Each party shall bear their own fees and costs on appeal.