**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL BITTON, on behalf of themselves and all others similarly situated; BRIAN O'TOOLE, on behalf of themselves and all others similarly situated; ROBERT SOKOLOVE, on behalf of themselves and all others similarly situated, | No. 17-56329 |
| | D.C. No. 2:14-cv-03754-R-E |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| TRUDERMA, LLC, a Nevada limited liability company, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 31, 2019**
San Francisco, California

Before: GOULD and HURWITZ, Circuit Judges, and RESTANI,*** Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

In the original putative class action complaint in this action, plaintiffs Brian O'Toole, Robert Sokolove, and Michael Bitton asserted various state and federal claims against a series of defendants. After the district court dismissed the complaint, we affirmed in part and reversed l-0n part, remanding for further proceedings on several of the state law claims. *Bitton v. Gencor Nutrientes, Inc.*, 654 F. App'x 358, 364 (9th Cir. 2016). On remand, the plaintiffs filed an amended complaint. The district court again dismissed the complaint with prejudice, finding that the plaintiffs' claims all effectively sounded in fraud, and that under Federal Rule of Civil Procedure 9(b), they were required to "plead the who, what, when, where, why, and how of their claims." It concluded that the "when" and "where" of the claims were not pleaded with sufficient particularity because the operative complaint did not allege when and where the plaintiffs had purchased the defendants' products. The district court dismissed the complaint with prejudice, despite the plaintiffs' express request for leave to amend if the court found any deficiencies in the pleading.

While this appeal of that judgment was pending, a settlement was reached between the plaintiffs and all defendants but Truderma, LLC, and the appeal was dismissed as to those defendants. The only issue before us is whether the district court erred in dismissing the claims against Truderma with prejudice. We hold that it did.

Federal Rule of Civil Procedure 15(a)(2) provides that when confronted with a request to amend a pleading, a trial "court should freely give leave when justice so requires." In light of the "underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities," we have stressed that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quoting *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960) (per curiam)). The district court provided no reason for not allowing amendment.

Given the settlement of the claims against the other defendants, the only issue is whether the plaintiffs can allege where and when they purchased Testofen-based products manufactured by Truderma. It is not "apparent from the record" that they cannot. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 190 (9th Cir. 1987). In these circumstances, the "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[1] We therefore vacate the judgment of dismissal and remand with instructions to allow the plaintiffs to amend their complaint.

---

[1] The plaintiffs' request for reassignment is denied as moot in light of Judge Real's passing.

**VACATED and REMANDED**.  Each party shall bear its own costs.