**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL TUBBS; EBONY BAKER, | No. 18-55395 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-04454-PSG-AJW |
| v. | |
| ADVOCARE INTERNATIONAL, L.P., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted November 12, 2019**
Pasadena, California

Before: GRABER, BERZON, and CHRISTEN, Circuit Judges.

Plaintiffs Michael Tubbs and Ebony Baker timely appeal from the district

court's dismissal of their complaint alleging that Defendant AdvoCare

International's marketing statements were false or misleading, in violation of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

several California laws. Reviewing de novo, Santomenno v. Transamerica Life Ins. Co., 883 F.3d 833, 836 (9th Cir. 2018), we affirm.

The district court correctly held that Plaintiffs failed to allege false or misleading statements under California law. See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 133 Cal. Rptr. 2d 207, 212 (Ct. App. 2003) (holding that private plaintiffs may seek relief only from false or misleading statements); see also Kwan v. SanMedica Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017) ("King Bio's holding is firmly established law in California."). California's reasonable consumer standard for alleging false advertising and unfair business practices "requires a plaintiff to show potential deception of consumers acting reasonably in the circumstances." Hill v. Roll Int'l Corp., 128 Cal. Rptr. 3d 109, 115 (Ct. App. 2011). "The falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence." King Bio, 133 Cal. Rptr. 2d at 216.

Plaintiffs' anecdotal evidence, standing alone, is insufficient to create an inference of falsity. The experiences of only two persons are unlikely to raise an inference of falsity because reasonable consumers generally do not understand marketing statements as promises of perfection. See Brockey v. Moore, 131 Cal. Rptr. 2d 746, 756 (Ct. App. 2003) (suggesting that the experience of "very few

persons" or "isolated examples" may not suffice to show false or misleading statements); <u>Consumer Advocates v. Echostar Satellite Corp.</u>, 8 Cal. Rptr. 3d 22, 29–30 (Ct. App. 2003) (holding that no reasonable consumer of a television satellite system would understand a promise of "crystal clear" video and "CD quality" audio "as a promise of perfection").

Even assuming that Plaintiffs' individual experiences could give rise to an inference of falsity, the allegations here fall short. Many of the alleged statements—such as the promises of "great tast[e]" and a "new outlook on life"—are "all-but-meaningless superlatives" because "no reasonable consumer would take [them] as anything more weighty than an advertising slogan." <u>Id.</u> at 29. For the remainder of the alleged statements, Plaintiffs' complaint lacks sufficient detail to infer falsity.

The district court correctly held that the scientific study of the effects of AdvoCare Spark on the sprinting times of college athletes does not support Plaintiffs' claims. On appeal, Plaintiffs point only to the marketing statements that Spark would "sharpen mental focus" and provide "long lasting energy." Sprinting times—a measure of physical exertion over a short period of time—implicate neither of the touted benefits of mental focus and long-lasting energy.

3

The district court correctly held that the report by Dr. Randall L. Tackett does not support Plaintiffs' claims. We assume, without deciding, that the district court erred by evaluating the persuasiveness the report's final conclusions. See Sonner v. Schwabe N. Am., Inc., 911 F.3d 989, 992–93 (9th Cir. 2018) (per curiam) (holding that the persuasiveness of an admissible report by an expert is for the fact-finder to decide). We therefore accept as true that "Spark does not have any benefit that would be more so than ingesting the approximate amount of caffeine in a typical cup of coffee. Spark's actions are attributed to the caffeine in the product." But those conclusions do not give rise to an inference of falsity with respect to the marketing statements of mental focus and long-lasting energy, because a reasonable consumer understands that caffeine also provides those benefits.

Because we affirm on the ground that Plaintiffs have not alleged a false or misleading statement, we do not reach the alternative grounds advanced by Defendant on appeal.

**AFFIRMED.**