**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIAN ENGEL, an Individual, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>NOVEX BIOTECH, LLC, a Utah Limited Liability Company and GNC CORPORATION,<br><br>    Defendant-Appellee. | No. 15-15492<br><br>D.C. No. 3:114-cv-03457-MEJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted January 12, 2017
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and ERICKSON,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

Julian Engel appeals from the district court judgment dismissing his second amended complaint for failing to state a claim upon which relief can be granted. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

For the reasons stated in a concurrently filed opinion in *Serena Kwan, et al. v. SanMedica International*, No. 15-15496,[1] the district court correctly applied established California law. Neither California's Unfair Competition Law ('the UCL") nor its Consumer Legal Remedies Act ("the CLRA") provides consumers with a private cause of action to enforce the substantiation provisions of California's unfair competition or consumer protection laws.

As in *Kwan*, the district court did not err in concluding that Engel's second amended complaint did not allege sufficient facts to support a claim that defendant's advertising claims were actually false. The second amended complaint rests on allegations that defendant's marketing claims are not supported by any reliable clinical trials and that a comprehensive search could not produce any publication to support claims that defendant's product, Growth Factor-9, was clinically tested as claimed on its packaging. These allegations do not support a finding that the advertising claims are actually false, only that they lack

---

[1] For purposes of oral argument only, we consolidated this appeal with the appeal in *Kwan*.

2

substantiation. As it did in *Kwan*, the district court appropriately declined Engel's invitation to incorporate Lanham Act analysis into California consumer protection law. The district court did not err in granting the motion to dismiss Engel's second amended complaint.

Further, as in *Kwan*, the district court provided ample guidance for Engel to allege successfully a claim of actual falsehood when it dismissed the first amended complaint with leave to amend. Therefore, the court did not err in dismissing the second amended complaint with prejudice.

**AFFIRMED.**