
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALHARETH ALOUDI, individually and on behalf of all others similarly situated, | No.    16-15876 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00882-HSG |
| v. | MEMORANDUM[*] |
| INTRAMEDIC RESEARCH GROUP, LLC, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted November 15, 2017
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and SESSIONS,[**] District Judge.

Alhareth Aloudi appeals the district court's dismissal of his complaint

challenging the advertising representations on the packaging of JavaSLIM, a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

purported weight loss pill manufactured and sold by Intramedic Research Group, LLC. We affirm.

**1.** Aloudi alleges that Intramedic's representation that JavaSLIM is "clinically proven" to provide a "significant reduction in actual body mass index (BMI)" is false.

Under California law, private litigants can bring claims alleging that an advertising representation is actually false or misleading. *See* Cal. Bus. & Prof. Code §§ 17200, 17500. By contrast, private litigants may not sue advertisers claiming that advertising representations lack substantiation. *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1345 (Cal. Ct. App. 2003); *see also Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096–97 (9th Cir. 2017). It is an unsettled question of California law whether "clinical proof" representations can give rise to a cognizable actual falsity claim absent affirmative evidence that the underlying substantive representation is false. *Compare McCrary v. Elations Co.*, No. 13-CV-00242 JGB (OPx), 2013 WL 6403073, at *9-10 (C.D. Cal. July 12, 2013) (permitting a private litigant to challenge a representation of clinical proof), *with Engel v. Novex Biotech LLC*, No. 14-CV-03457-MEJ, 2015 WL 846777, at *6 (N.D. Cal. Feb. 25, 2015) (determining that a private plaintiff's challenge to a "clinically proven"

2

representation was a prohibited lack of substantiation claim), *aff'd* 689 F. App'x 510 (9th Cir. 2017).

We need not decide that question here. Assuming that Aloudi could bring an actual falsity challenge to Intramedic's representation of clinical proof, his complaint did not allege sufficient facts to support a claim that that representation was actually false.

Allegations that a company made fraudulent misrepresentations are subject to Rule 9(b)'s requirement that the parties state their claims "with particularity." Fed. R. Civ. P. 9(b). At most, Aloudi alleged that the report on green coffee bean extract by Joe Vinson ("Vinson report") was a "clinical trial" that Intramedic referred to and was fraudulent. But Aloudi did not plausibly and specifically allege that the compound in the Vinson report was the same as the functional compound in JavaSLIM. Nor did Aloudi allege facts showing the Vinson report had to be the sole basis for Intramedic's assertion of clinical proof; conclusory assertions that the Vinson report alone was "[t]he purported 'clinical proof,'" without facts to support that conclusion, are insufficient. Even after multiple chances to amend, Aloudi did not, for example, allege that he searched the available scientific literature in a comprehensive manner and found no study that could support Intramedic's claims. Therefore, assuming an actual falsity challenge to a representation of clinical proof

3

is permissible, Aloudi's challenge to Intramedic's "clinically proven" representation does not state a cognizable claim for actual falsity.

**2.** Aloudi also challenges Intramedic's substantive representation that JavaSLIM produces weight loss. The complaint fails to state a sufficiently plausible or specific claim of actual falsity. Under California law, "[t]he falsity of . . . advertising claims may be established by testing, scientific literature, or anecdotal evidence." *King Bio*, 107 Cal. App. 4th at 1348.

First, Aloudi alleges conclusorily that rapid weight loss is "medically impossible without drastic medical intervention or serious illness," and that "if chlorogenic acid actually caused 'rapid and significant weight loss' every customer in line at Starbucks would be supermodel-thin," as chlorogenic acid, JavaSLIM's weight loss ingredient, may be found in larger quantities in regular brewed coffee than in JavaSLIM. Aloudi's complaint also refers to a mouse study allegedly showing that chlorogenic acid contributes to increased insulin resistance and fatty liver disease. None of these allegations involves scientific testing of the actual JavaSLIM product or a product with the same active ingredients as JavaSLIM, in a dose similar to that in JavaSLIM. *See id.*

Finally, seeking to rely on anecdotal evidence, Aloudi alleges that Intramedic's representations that JavaSLIM causes weight loss are false because he

personally did not lose weight after taking the product as directed. As JavaSLIM's label acknowledged that "[i]ndividual results will vary" and that "no product or program will work for everyone," JavaSLIM's failure to produce weight loss in a single individual is insufficient to show the falsity of Intramedic's advertising assertion. Moreover, even if the failure to produce weight loss in one individual were sufficient to show the actual falsity of the representation, Aloudi has not pleaded sufficient plausible and specific factual allegations to support his claim. For example, Aloudi's complaint does not indicate his daily caloric consumption or metabolic activity before and while taking JavaSLIM.

Aloudi failed to state an actual falsity claim with regard to either Intramedic's representations of clinical proof or its representations of weight loss efficacy. The district court's dismissal of Aloudi's second amended complaint is **AFFIRMED**.