**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2055-17T1

HAROLD M. HOFFMAN,
individually and on behalf
of those similarly situated,

     Plaintiff-Appellant,

v.

KING BIO, INC.,

     Defendant-Respondent.

_____

Argued January 16, 2019 – Decided July 30, 2019

Before Judges Fuentes, Accurso and Vernoia.

On appeal from the Superior Court of New Jersey,
Law Division, Bergen County, Docket No. L-2981-17.

Harold M. Hoffman, appellant, argued the cause pro
se.

Daniel S. Tyler (Amin Talati Upadhye, LLP) of the
Illinois bar, admitted pro hac vice, argued the cause
for respondent (Law Offices of Krima D. Shah, LLC
and Daniel S. Tyler, attorneys; Krima D. Shah, Ryan
M. Kaiser (Amin Talati Upadhye, LLP) of the Illinois

bar, admitted pro hac vice, and Daniel S. Tyler, on the brief).

PER CURIAM

Plaintiff Harold M. Hoffman appeals from a final order dismissing with prejudice his amended consumer fraud complaint against defendant King Bio, Inc. for failure to state a claim and a subsequent order assessing sanctions against him for frivolous litigation. Hoffman alleged King Bio's claims that its "Multi-Strain Flu Relief" provides temporary relief from symptoms of the flu is demonstrably false because its homeopathic formulation is medically incapable of delivering any therapeutic benefit against the flu or any other medical condition. Because a liberal reading of the complaint suggests a viable cause of action, we reverse. See Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005); Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).

Plaintiff's initial six-count complaint[1] alleging violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -210 ("CFA"), and common law fraud

---

[1] The first five counts of the complaint alleged violations of the CFA, specifically, unconscionable commercial practice; deception; fraud; misrepresentation; and omission of material facts. The sixth count alleged common law fraud. The amended complaint followed the same format only omitting the common law fraud claim.

A-2055-17T1

was dismissed without prejudice for failure to state a claim under Rule 4:6-2(e). The judge hearing that motion determined plaintiff failed to plead any of the three elements of a CFA claim: 1) unlawful conduct; 2) ascertainable loss; and 3) a causal relationship between the alleged unlawful conduct and the ascertainable loss, see Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009). Specifically, the first judge found plaintiff could not allege defendant acted unlawfully by misrepresenting the ingredients or their amounts on the Flu Relief packaging. Rather, the judge found plaintiff's complaint was premised on a "prior substantiation claim" not recognized in New Jersey,[2] and, further, "on his personal opinion that the product cannot work because it is a homeopathic product" and "his negative subjective feelings regarding the

_____

[2] As we understand it, a "prior substantiation claim" consists of an allegation by a plaintiff that a defendant's claims about a product cannot be substantiated by scientific evidence and are therefore false and misleading. See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 107 Cal. App. 4th 1336, 1342, 1344, 133 Cal. Rptr. 2d 207, 211-13 (Cal. App. 2 Dist. 2003) (holding claims resting on lack of substantiation, instead of provable falseness, are not actionable in California). Several unreported decisions in the Third Circuit have held such a cause of action is not recognized in New Jersey. See Hughes v. Ester C Co., 930 F. Supp. 2d 439, 455-59 (E.D.N.Y. 2013) (collecting cases and explaining the difference between "a lack of substantiation claim" and one based on affirmative misrepresentation). As we read plaintiff's amended complaint to allege that he can prove King Bio's claims for the efficacy and therapeutic value of Flu Relief are false and misleading, not that King Bio cannot substantiate its claims for the product, we do not address the issue.

efficacy of any homeopathic product and his skepticism pertaining to the industry as a whole."

The first judge further found plaintiff set forth no ascertainable loss because plaintiff "paid $14.95 for a product that he had no expectation of using or providing any useful purpose." The judge found plaintiff did not allege he "used the product and it failed," that he "sought and was denied a refund," or that "the product was anything different from what the defendant advertised or labeled it to be: an over-the-counter, homeopathic remedy." Because the court found plaintiff failed to allege facts establishing either unlawful conduct or an ascertainable loss, it necessarily found he could not establish any causal connection between the two.

In his amended complaint, plaintiff repeated his allegations regarding the basic principles of homeopathy, explaining the extreme dilution of the active ingredients of Flu Relief at the levels listed on the packaging results in the formulation containing "not even microscopically detectable components of the original active ingredient." He also included his original citation to a 2015 assessment by Australia's National Health and Medical Research Council concluding "there is no evidence that homeopathy is effective for any health conditions," see Evidence on the Effectiveness of Homeopathy for Treating

A-2055-17T1

Health Conditions, Nat'l Health & Med. Research Council (Mar. 2015),

https://www.nhmrc.gov.au/sites/default/files/images/nhmrc-information-paper-

effectiveness-of-homeopathy.pdf, and added a recent statement by the Federal

Trade Commission,[3] which he summarized, stating:

> Homeopathy, which dates back to the late-eighteenth century, is based on the view that disease symptoms can be treated by minute doses of substances that produce similar symptoms when provided in larger doses to healthy people.  Many homeopathic products are diluted to such an extent that they no longer contain detectable levels of the initial substance. In general, homeopathic product claims are not based on modern scientific methods and are not accepted by modern medical experts. . . . Homeopathic products [are not exempted] from the general requirement that objective product claims be truthful.

Plaintiff abandoned his claim that the extreme dilution of the listed

ingredients, to the point of them being non-existent, amounted to a

misrepresentation that the product contained anything other than water.  He

further took pains to clarify he was not attempting to plead a prior

substantiation claim, as he was not asserting that defendant lacked proof of the

---

[3] See Staff Report on the Homeopathic Medicine & Advertising Workshop, Fed. Trade Comm'n (Nov. 2016), https://www.ftc.gov/system/files/documents/reports/federal-trade-commission-staff-report-homeopathic-medicine-advertising-workshop/p114505_otc_homeopathic_medicine_and_advertising_workshop_report.pdf.

A-2055-17T1

efficacy of Flu Relief, but was instead alleging defendant's claims about the product's efficacy for relieving flu symptoms are false.

Defendant's motion to dismiss the amended complaint for failure to state a claim was heard by a different judge. After hearing argument, the judge entered an order granting defendant's motion to dismiss the amended complaint with prejudice. She did not put her reasons on the record. The order provides only that the motion was granted "[e]ssentially for the reasons set forth in the August 11, 2017 opinion" of the first judge. The court denied plaintiff's motion for reconsideration and granted defendant's motion for attorney's fees pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1, the New Jersey Frivolous Claims Act.

We review a decision to dismiss a complaint for failure to state a claim using the same standard as the trial judge, without deference to that court's legal conclusions. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019). Accordingly, we examine "the legal sufficiency of the facts alleged on the face of the complaint," employing "a generous and hospitable approach," Printing Mart, 116 N.J. at 746, to determine "whether a cause of action is suggested by the facts," Velantzas v. Colgate-Palmolive Co., Inc., 109 N.J. 189, 192 (1988).

As instructed by our Supreme Court, our task is to "consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim'" with the understanding that "[i]t is the existence of the fundament of a cause of action in those documents that is pivotal" at this preliminary stage of the proceedings, not the ability of the plaintiff to prove what he has alleged. Banco Popular, 184 N.J. at 183 (quoting Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004)). Consequently, dismissal motions for failure to state a claim "should be granted in only the rarest of instances." Printing Mart, 116 N.J. at 772.

Applying those standards here makes clear the order dismissing the amended complaint must be reversed, leaving aside that the reasons expressed for its entry are wholly inadequate.[4] See R. 1:7-4(a) (requiring findings on all motions decided by written orders appealable as of right). Although improperly parceled out across five counts of his amended complaint, see R. 4:5-7; R. 1:4-2, plaintiff has clearly alleged that King Bio's claims for the efficacy of its Flu Relief product are false, thus constituting an unlawful

---

[4] Referring to a prior judge's written opinion explaining the reasons for dismissing without prejudice a different complaint fails to comply with the obligations imposed by Rules 1:6-2(f) and 1:7-4(a). Further, it disserves the parties and any reviewing court. Cf. Curtis v. Finneran, 83 N.J. 563, 569-70 (1980).

practice in connection with its sale or advertisement, see N.J.S.A. 56:8-2.

Because plaintiff further alleged he purchased the product for $14.99 in

reliance on King Bio's representations of the therapeutic value of the product,

and instead received a product with no therapeutic value, worth much less than

what he paid, he has plainly stated a cause of action under the CFA. See Lee

v. Carter-Reed Co., L.L.C., 203 N.J. 496, 521 (2010) ("A consumer may

proceed with a private cause of action against a merchant under the CFA if she

can show that the merchant engaged in an 'unlawful practice,' as defined in

N.J.S.A. 56:8-2, and that she 'suffer[ed] [an] ascertainable loss . . . as a result

of the use or employment' of the unlawful practice." (alterations in original)).

Plaintiff's failure to allege he used the product, Hoffman v. Hampshire

Labs, Inc., 405 N.J. Super. 105, 115 (App. Div. 2009), or that he demanded a

refund, Lee, 203 N.J. at 522, does not bar his cause of action under established

case law. Further, that the studies plaintiff referenced in his complaint

asserting the lack of any scientific proof to support the therapeutic value of

any homeopathic product do not specifically reference Flu Relief is not an

impediment to this suit proceeding. Although plaintiff could not prove his

cause of action based only on those studies, see Hisenaj v. Kuehner, 194 N.J.

6, 15 (2008), he has no obligation to prove his allegations today. Instead, the

service of an expert report meeting the admissibility requirements of N.J.R.E. 702 can await the normal processes of pretrial discovery. See R. 4:17-4(e). Likewise, whether plaintiff can prove he purchased Flu Relief in reliance on King Bio's claims for the product, or whether it can show plaintiff had no hope the product would work as described and thus any loss he suffered was self-inflicted, see Gennari v. Weichert Co. Realtors, 288 N.J. Super. 504, 546 (App. Div. 1996), are issues for another day.[5]

We, of course, express no opinion on the likelihood of plaintiff recovering a judgment against King Bio or the merit, or lack thereof, of his CFA claim. We hold only that it was dismissed improperly at the pleading stage. In light of our disposition of the appeal, we need not address the order for sanctions beyond noting that it is necessarily reversed as plaintiff's amended complaint is reinstated.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Similarly, that plaintiff cannot serve as both counsel to any class eventually certified and as a class representative, see In re Cadillac V8-6-4 Class Action, 93 N.J. 412, 420 (1983), does not bar his maintenance of this action at this point.