Filed 5/13/26  Glickman v. Newmeyer & Dillion CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WILLIAM GLICKMAN, | |
| Plaintiff and Respondent, | G065111 |
| v. | (Super. Ct. Case No. 30-2019-01049771) |
| NEWMEYER & DILLION LLP, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Theodore R. Howard, Judge. Reversed in part, affirmed in part. Motion for Partial Dismissal of Appeal. Denied. Motion to Take Additional Evidence. Denied.

Hinshaw & Culbertson, Desmond Hinds, Linda Streeter, and David T. Hayek, for Plaintiff and Appellant.

Annigian Ryan, James T. Ryan and Nicholas A. Kurtz, for Defendant and Respondent.

*　　　*　　　*

Newmeyer & Dillion (N&D) appeals from a discovery order awarding $16,000 in monetary sanctions to respondent William Glickman. N&D contends the monetary sanctions are based on two other discovery orders: (1) an issue sanctions order finding N&D had failed to preserve evidence; and (2) an order compelling further responses. N&D argues there was insufficient evidence to support the issue sanctions order. We agree. However, we disagree with N&D's claim that the trial court abused its discretion in granting the motion to compel further responses. Because there remains an independent basis for the monetary sanctions, there was no abuse of discretion in imposing monetary sanctions. Accordingly, we reverse the issue sanctions order and affirm the order compelling further responses and the monetary sanctions.

STATEMENT OF THE CASE

I.

COMPLAINT AND EVIDENCE PRESERVATION LETTER

On February 6, 2019, Glickman filed a malpractice complaint against Attorney Charles Krolikowski and N&D, alleging causes of action arising from their representation of him in an Orange County Superior Court case number 30-2018-00964856 lawsuit entitled *Glickman v. Meston* (the "Meston Action") He filed a second amended complaint, the operative complaint in this matter, on May 4, 2023. As relevant to this case, Glickman alleged he was persuaded to pursue a litigation strategy that Attorney Krolikowski and N&D Attorney Jason Caruso knew or should have known would not result in achieving his objectives. For example, he had a limited

2

budget and only filed a lawsuit against his neighbors to remove an adjoining wall because he had been told he could recover attorney fees if he prevailed. In actuality, however, he would not have recovered attorney fees even if he had prevailed. The complaint alleged that when this and other adverse facts became known, in late August 2018, he emailed Attorney Krolikowski, asking him for a return call. He then spoke with Attorney Krolikowski and offered not to sue N&D if they represented him for free in the Meston Action until it was resolved. Attorney Krolikowski informed Glickman he would discuss the matter with his managing partner, Greg Dillion. Ultimately, however, N&D refused to help him unless he paid, which resulted in him having to represent himself.

On May 20, 2019, Glickman's attorney sent an electronically stored information (ESI) preservation letter (ESI Preservation Letter) to N&D. The ESI Preservation Letter provided notice to N&D to "immediately take all steps necessary to prevent the destruction, loss, concealment, or alteration of," among other things, potentially relevant ESI on computers or storage media, including "smart phones," "cell phones," and "laptop computers." It specifically noted: "Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. N&D must also intervene to prevent loss due to routine operations and employ proper techniques to safeguard all such evidence." N&D also was requested to modify or suspend features and operations that could cause the loss of ESI, including, "reassigning, re-imaging or disposing of systems, devices, or media."

On January 11, 2023, Glickman served his second set of special interrogatories on N&D. The special interrogatories asked N&D to describe its efforts to search for relevant documents, to identify each devices searched,

3

and to "Describe any actions YOU took in response to the ESI [P]reservation [L]etter from Tracy L. Anielski dated May 20, 2019, including without limitation what, if anything, was done, who did it and when."

In response, on February 15, 2023, N&D stated that searches were conducted "at different times as the instant [a]ction developed" by attorneys Krolikowski, Caruso, and Polyakov in his capacity as general counsel. These searches included "hard drives of the work laptop computers used by [attorneys] Krolikowski and Caruso during the time at issue. . . . The search of the hard drive of [Attorney] Krolikowski'[]s work laptop was conducted by [Attorney] Krolikowski." In response to the interrogatory about the ESI Preservation Letter, N&D stated it "reviewed the ESI [Preservation L]etter when it was received and acted in accordance therewith. Pursuant to the reasonable search and diligent inquiry of [N&D], [it] is not aware of any of its files regarding the [Meston Action] being destroyed. Discovery is continuing. [N&D] reserves the right to amend this response."

On June 27, 2023, N&D served supplemental responses, providing a range of dates for when the searches were conducted of "iManage and Mimecase." Its response to the ESI special interrogatory was not changed.

II.

MOTIONS TO COMPEL FURTHER RESPONSES

On July 31, 2023, Glickman filed a motion to compel further responses to his second set of special interrogatories and for monetary sanctions in the amount of $6,430. The discovery referee (Retired Judge David R. Chaffee) recommended overruling all objections to special interrogatories 71 through 76, granting the motion to compel further

4

responses, and awarding $2,500 in sanctions. Later, the trial court adopted the referee's recommendations.

On November 30, 2023, N&D served its second supplemental responses, which asserted that, aside from its iManage system, Mimecast system, paper files and hard drives of personal work laptops assigned to attorneys Krolikowski and Caruso, it "is unaware of any other locations where [responsive documents] could have ever existed." As to the ESI Preservation Letter, N&D stated: "To [N&D]'s best recollection, [its] general counsel, Leonard Polyakov reviewed the ESI [Preservation L]etter when it was received and, on or about that same day, reviewed the letter with [Attorney] Krolikowski. To the best of [N&D]'s recollection, [Attorney] Polyakov, on behalf of [N&D], and [Attorney] Krolikowski, on behalf of himself, confirmed to one another that both [N&D] and [Attorney] Krolikowski would abide by the directives of the [ESI Preservation L]etter. [Attorney] Polyakov further confirmed that Mimecast system does not allow documents to be deleted and that by the time the [ESI Preservation L]etter was received the file had been transferred to [Glickman]'s new counsel."

On December 28, 2023, Glickman filed his second motion to compel further responses to his second set of special interrogatories, this time requesting monetary sanctions in the amount of $6,430. The discovery referee recommended granting the motion to compel further response to the second set of special interrogatories and awarding $6,000 in sanctions.

On February 13, 2024, N&D served its third supplemental responses. The responses provided further details about the searches, including that "records specific to documenting search dates were not created." For the first time, N&D also stated the cellular phones of attorneys Krolikowski and Caruso were searched. Its response to the ESI special

interrogatory added additional qualifiers such as stating that Attorney Polyakov reviewed and "discussed" the ESI Preservation Letter with Attorney Krolikowski and that the Mimecast system does not allow emails to be "modified" or deleted.

On March 27, 2024, Glickman filed a third motion to compel further responses and requested $7,332.50 in monetary sanctions. The discovery referee recommended granting Glickman's third motion to compel further responses and awarding $2,500 in sanctions.

After retaining new counsel, on May 2, 2024, N&D served its fourth supplemental responses. These responses contained specific details about searches, including names, dates, search terms and serial numbers of devices. For the first time, N&D disclosed that the cellular phones that were searched had replaced other prior phones. Specifically as to Attorney Caruso, N&D stated that "[e]ach time he got a new phone[, Attorney] Caruso utilized the Samsung/Google feature which transfers call history, texts, etc. over to the new phone." N&D also disclosed the laptops and computers searched had been placed into service in 2022, and that ESI stored in its iManage had been "migrated" to the current version of iManage. Its response to the ESI special interrogatory was substantively the same, except with additional details about conversations relating to compliance with the ESI Preservation Letter.

III.

MOTION FOR ADDITIONAL DISCOVERY SANCTIONS

On August 2, 2024, Glickman filed a motion for issue and evidentiary sanctions, or in the alternative, an order compelling further responses, and a request for monetary sanctions in the amount of $16,545. As to the issue sanctions, Glickman requested the trial court order the following facts as established, including: "That N&D knowingly and willfully failed to

conduct adequate searches for documents in response to [Glickman]'s requests to hide the fact that it had hidden and/or destroyed documents that would have adversely affected its defense"; "That N&D knowingly, willfully and repeatedly provided evasive responses in discovery regarding its searches for documents to try to avoid disclosing facts that would have adversely affected its defense"; "That [Glickman] advised [Attorney] Polyakov [on] or about August 2018 that he intended to sue N&D"; "That one of [Glickman]'s attorneys, Tracy L. Anielski, sent N&D . . .[the ESI Preservation Letter]"; "The ESI Preservation Letter required N&D to preserve all relevant information, documents and devices, including cell phones, computers and computer systems"; "That N&D knowingly and willfully failed to comply with the ESI Preservation Letter by failing to preserve relevant information, documents and devices, including cell phones, computers and computer systems"; "That N&D knowingly and willfully failed to preserve relevant information, documents and devices, including cell phones, computers and computer systems, to avoid making disclosures that would have adversely affected its defense."

Glickman sought evidentiary sanctions prohibiting N&D from adducing any evidence or argument at trial as to the factual findings above. In the alternative, Glickman sought a recommendation compelling N&D to provide a code-compliant further response. He also sought a recommendation shifting all of the discovery referee's fees to N&D.

In his memorandum in support of the sanctions motion, Glickman argued that, "if, as it appears, N&D failed to preserve relevant information, documents and/or [sic], [Glickman] is entitled to a spoliation of evidence instruction at trial." He cited *Williams v. Russ* (2008) 167 Cal.App.4th 1215 (*Williams*) for the definition of spoliation of evidence and

7

the available discovery sanctions for spoliation, including issue, evidence and terminating sanctions. He also identified what he asserted were deficiencies in the fourth supplemental responses, including N&D declining to search the cellular phone of Attorney Dillion.

N&D opposed the sanctions motion. Among other things, it argued issue and evidentiary sanctions were not appropriate because no prior court order had been violated and the alterative remedy of an order compelling discovery would not be futile. Citing *Williams*, it also argued that Glickman had not shown that any evidence allegedly destroyed is probative or relevant. (See *Williams, supra*, 167 Cal.App.4th at p. 1227 ["[A] party moving for discovery sanctions based on the spoliation of evidence must make an initial prima facie showing that the responding party in fact destroyed evidence that had a substantial probability of damaging the moving party's ability to establish an essential element of his claim or defense"].)[1]

In reply, Glickman argued that discovery sanctions could be imposed without violation of a prior court order, and citing *Williams, supra*, 167 Cal.App.4th 1215 asserted that "N&D's failure to preserve the relevant devices after receiving [ESI Preservation Letter] <u>also</u> is a misuse of the discovery process that, standing alone, justifies the imposition of issue and evidence sanctions." Glickman further argued the discovery referee "should

---

[1] In its opposition to specific issue sanctions, N&D argued there was no evidence Glickman spoke with Attorney Polyakov in August 2018.

order N&D to serve further code-complaint supplemental response[s] <u>no matter how</u> he rules on the subject of issue and evidence sanctions."[2]

IV.

RECOMMENDATIONS AND RULINGS ON SANCTIONS MOTION

On October 19, 2024, the discovery referee signed, and on October 22, 2024, filed his written "Report and Recommendations" on the sanctions motion. The report stated:

"Despite the significant efforts of new counsel for . . . N&D, [Glickman] properly points out that there is an incurable defect underlying all of [N&D]'s responses to the subject special interrogatories. This action was filed February 6, 2019, and an ESI [P]reservation [L]etter was delivered to N&D on or about May 20, 2019. Subsequent to the dates of filing and service of the original complaint, and subsequent to the date of service of the ESI [P]reservation [L]etter, virtually all of [N&D]'s electronics including cell phone and computers were replaced or upgraded to new systems. While N&D claims that all [the] messages and information contained on the old cell phones and computers were downloaded to the replacement devices or systems, there is no proper way to prove that to be the case.

"From the information provided by both sides it appears that since May, 2019, the cell phones of the key lawyers at . . . N&D have been replaced multiple times. None of the cell phones extant in 2019 were preserved with contents contained intact; nor were the contents of those cell phones transferred or downloaded to the replacement cell phones by any

---

[2] The reply referenced paragraphs 180–186 of the second amended complaint to support Glickman's claim that he raised the prospect of suing N&D in 2018. Those paragraphs, however, alleged that Glickman spoke with Attorney Krolikowski, not Attorney Polyakov.

disinterested third party who could competently testify that all content was downloaded without deletion or omission. Similarly, laptop computers and other computers were either replaced or new systems installed allegedly with all old content downloaded onto the new computers or onto the newly installed computer systems. Again, all of these downloads were accomplished in house without preservation of the old computers or computer systems and without the work having been accomplished by any disinterested third party who could competently testify that all content was downloaded without deletion or omission.

"To compound the problem, with each new edition of further responses have come new information or new documents that serve to belie the claim that complete and thorough searches and responses have been provided. Each new tranche of material tends to prove [Glickman]'s claims that facts, records and documents were either not subject to proper search or are being hidden by . . . N&D, and that more information may have been deleted from [N&D]'s electronic equipment to obstruct the production of damaging documents and records.

"[I]t appears that no real effort was made to preserve the records contained on [N&D]'s electronic devices other than that of the representations of the individuals within [N&D] who allegedly downloaded or transferred content from one older device to the next replacement. Under these circumstances it is virtually impossible to verify that all records or content from the cell phones or the computers was downloaded without deletion or modification."

The discovery referee also addressed the motion for further responses to the special interrogatories, and discussed five areas of concerns, which are summarized and addressed in his recommendations.

10

The referee made five recommendations. First, to grant the "Motion Requiring Further Responses to Special Interrogatories as follows:

"1. Order that a new search for records and documents that are the subject of these special interrogatories be conducted by an independent third party not under the control or direction of [N&D].

"2. Order that [Attorney] Dillion's cell phone and office computer(s) be subject to the search conducted by the independent third party.

"3. Order that all responses that indicate that they are 'subject to attorney-client or work product objections' contain or attach a fully completed privilege log of all such documents, records, or information.

"4. Order that any response that indicates that some document(s), records or information will be supplied shall be accompanied concurrently with those items.

"5. Order that all verifications based on 'information and belief' must be accompanied by a report by the verifier explaining his or her capacity with respect to participation in the underlying lawsuit, who had principal responsibility for doing the work subject to the particular interrogatory, and who had supervisory responsibility for that particular portion of the work."(Boldface omitted.)

He also recommended granting the motion for issue sanctions by finding as follows:

"1. That [Glickman] advised [Attorney] Polyakov [on] or about August 2018 that he intended to sue N&D;

"2. That one of [Glickman]'s attorneys, Tracy L. Anielski, sent N&D [an ESI Preservation Letter] on May 20, 2019;

11

"3. The ESI Preservation Letter required N&D to preserve all relevant information, documents and devices, including cell phones, computers and computer systems;

"4. That N&D failed to comply with the ESI Preservation Letter by failing to preserve relevant information, documents and devices, including cell phones, computers and computer systems;

"5. That N&D failed to preserve relevant information, documents and devices, including cell phones, computers and computer systems." (Boldface omitted.)

The referee recommended an "Order that the following instruction be given to the jury prior to the commencement of deliberations:

"If you find that [N&D] willfully suppressed the file of [Glickman], you may draw an inference that there was something damaging to [N&D]'s case contained in that file. Such an inference may be regarded by you as reflecting [N&D]'s recognition of the strength of [Glickman]'s case generally and/or the weakness of its own case. The weight to be given such circumstance is a matter for your determination." (Boldface omitted.)

He also recommended his fees be paid entirely by N&D.

Finally, he recommended: "In view of the foregoing[,] monetary sanctions are required. Recommend sanctions in the amount of $16,000.00 be awarded against [N&D] and in favor of [Glickman]."

On December 4, 2024, after independently considering the referee's findings, N&D's objections, and Glickman's responses, the trial court adopted the report and recommendations without changes.

## V.

### NOTICE OF APPEAL AND MOTION FOR PARTIAL DISMISSAL OF APPEAL

On January 17, 2025, N&D filed its notice of appeal. In that notice it stated it was appealing from: the "12/4/2024 Order adopting the Discovery Referee's Recommendations (awarding monetary sanctions over $5,000 and issue and evidentiary sanctions inextricably intertwined therewith)."

On March 21, 2025, Glickman moved for dismissal of the appeal of the issue and evidentiary sanctions. He argued that, because N&D did not appeal from the order requiring further responses and instead complied with the order by providing supplemental responses,[3] N&D conceded monetary sanctions are warranted and thus the only remaining issue is whether N&D acted with substantial justification.

N&D opposed the motion for partial dismissal, arguing that its appeal of the monetary sanctions necessarily encompassed the order compelling further responses, the issue sanctions, and the order on the jury instruction because those orders are inextricably intertwined with and form the basis for the monetary sanctions sought, as Glickman did not allocate the attorney fees and costs to any particular order. We address the motion for partial dismissal of the appeal below.

---

[3] The evidence N&D complied is presented in the concurrently filed motion to take additional evidence. N&D opposed this motion on the ground that no legal authority supports such augmentation, and that even if subject to judicial notice, this court cannot accept the truth of the information in the augmented documents. We will deny the motion to take additional evidence, as it is not necessary or helpful to our resolution of this appeal.

DISCUSSION

I.

SCOPE OF APPEAL

As a preliminary matter, we must determine the scope of this appeal. "This court generally lacks jurisdiction to review interlocutory orders pertaining to discovery; appellate review must await entry of a final judgment." (*Glickman v. Krolikowski* (2025) 109 Cal.App.5th 527, 530.) However, a discovery order imposing monetary sanctions of $5,000 or more is appealable under Code of Civil Procedure section 904.1, subdivision (a)(1). (*Ibid*.) A limited exception has been recognized to permit review of a nonmonetary discovery sanction where the monetary sanctions and the nonmonetary sanctions are based on the same conduct and "the two are inextricably intertwined." (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 276 (*Mileikowsky*), disapproved on another ground in *Mileikowsky v. West Hills Hospital & Medical Center* (2009) 45 Cal.4th 1259, 1273.)[4]

In *Mileikowsky*, the appellate court determined an order granting terminating sanctions and an order awarding monetary sanction were inextricably intertwined because the monetary sanctions order was based on the fees and costs incurred in opposing the motion for terminating sanctions. (*Id.*, 128 Cal.App.4th at pp. 276, 280.) As a panel of this court explained, "[t]he propriety of both the terminating sanctions and the monetary sanctions therefore depended on whether the trial court erred by granting the motion

---

[4] The fact that N&D did not reference all of the discovery orders in its notice of appeal is not material because those orders can be reviewed if they are inextricably intertwined with the order awarding monetary sanctions.

14

for terminating sanctions. The terminating sanctions and the monetary sanctions were inextricably intertwined because a decision on the appeal from the monetary sanctions also resolved the appeal from the terminating sanctions." (*Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 826 (*Deck*).)

In *Deck*, a panel of this court determined an order granting issue sanctions and an order awarding monetary sanctions were not inextricably intertwined. The panel first determined that the monetary sanctions were warranted based on the appellant's unsuccessful opposition to that discovery motion, leaving only "whether the trial court should have found Defendants acted with substantial justification or other circumstances would make monetary sanctions unjust" as issues on appeal. (*Deck, supra*, 89 Cal.App.4th at pp. 826–827.) In contrast, "[t]he propriety of the issue sanctions depends on the resolution of issues and assessment of factors other than whether Defendants acted with substantial justification or monetary sanctions otherwise would be unjust." (*Id.* at p. 827.)

Here, the trial court issued: (1) an order compelling further responses; (2) an order imposing issue sanctions (finding spoliation of evidence by N&D); (3) an order providing that the jury would be instructed on spoliation of evidence, (4) an order allocating all of the discovery referee's fees to N&D, and (5) an order imposing monetary sanctions in the amount of $16,000 based on the "foregoing" orders. As noted, the monetary sanctions order is appealable, and the other four orders are appealable only if they were inextricably intertwined with the monetary sanctions order. As to the order on the allocation of the referee's fees, N&D does not argue the order is inextricably intertwined with the monetary sanctions order. Thus, the fee order cannot be addressed in this appeal.

15

N&D argues the issue sanctions order, which is based on spoliation of evidence, can independently support monetary sanctions. Likewise, the order compelling further responses is appealable because it can independently form the basis for monetary sanctions. Thus, N&D argues they are inextricably intertwined with the order awarding monetary sanctions. We agree. Resolution of the propriety of the monetary sanctions order depends on the propriety of those orders. For example, if we conclude there is no spoliation of evidence and that further responses are not required, there would be no basis for the monetary sanctions. Accordingly, those orders are reviewable. We therefore deny Glickman's motion for partial dismissal of this appeal.

As to the order concerning the jury instruction, we acknowledge it is logically intertwined with the issue sanctions. Absent additional evidence, if we reverse the issue sanctions, the record does not contain sufficient evidence to support giving a spoliation of evidence instruction. However, we are not aware of any limitation on Glickman producing substantial evidence to support a spoliation of evidence instruction at a later date. More important, the jury instruction is not inextricably intertwined with the monetary sanctions order. The propriety of the jury instruction order does not impact the monetary sanctions, that is, it does not support or undermine the monetary sanctions for discovery violations. Accordingly, the jury instruction order is not reviewable in this appeal.

## II.

### DISCOVERY ORDERS

"'Orders regarding discovery are reviewed under the abuse of discretion standard. [Citations.] The trial court has broad discretion in deciding whether to impose sanctions and in setting the amount of monetary

16

sanctions.'" (*Deck, supra,* 89 Cal.App.5th at pp. 823–824.) "The test for abuse of discretion is traditionally recited as whether the trial court's decision exceeded the bounds of reason. [Citation.] In more practical terms, the abuse of discretion standard measures whether, in light of the evidence, the trial court's decision "'falls within the permissible range of options set by the legal criteria.'" [Citation.] The scope of the court's discretion is limited by law governing the subject of the action taken. [Citation.] An action that transgresses the bounds of the applicable legal principles is deemed an abuse of discretion. [Citation.] A trial court's decision is an abuse of discretion if it is based on an error of law." (*Id.* at p. 824.)

A. *Issue Sanctions Based on Spoliation of Evidence*

"Spoliation of evidence means the destruction or significant alteration of evidence or the failure to preserve evidence for another's use in pending or future litigation. [Citation.] Such conduct is condemned because it 'can destroy fairness and justice, for it increases the risk of an erroneous decision on the merits of the underlying cause of action. Destroying evidence can also increase the costs of litigation as parties attempt to reconstruct the destroyed evidence or to develop other evidence, which may be less accessible, less persuasive, or both.' [Citation.] While there is no tort cause of action for the intentional destruction of evidence after litigation has commenced, it is a misuse of the discovery process that is subject to a broad range of punishment, including monetary, issue, evidentiary, and terminating sanctions." (*Williams, supra,* 167 Cal.App.4th at p. 1223.)

Under Evidence Code section 500, a party generally has the burden of proof as to the existence or nonexistence of each fact that is essential to their claim for relief. (*Williams, supra,* 167 Cal.App.4th at p. 1225.) "On rare occasions, the courts have altered the normal allocation of the

17

burden of proof. [Citation] The shift in the burden of proof from the plaintiff to the defendant rests on a policy judgment that there is a substantial probability the defendant has engaged in wrongdoing and the defendant's wrongdoing makes it practically impossible for the plaintiff to prove the wrongdoing." (*National Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.* (2003) 107 Cal.App.4th 1336, 1346.) The "rare occasions" include spoliation of evidence cases. (*Ibid.*)

Thus, "a party moving for discovery sanctions based on the spoliation of evidence must make an initial prima facie showing that the responding party in fact destroyed [or failed to preserve] evidence that had a substantial probability of damaging the moving party's ability to establish an essential element of his claim or defense." (*Williams*, *supra*,167 Cal.App.4th at p. 1227.) For example, a lawyer defending himself against a malpractice claim obtained terminating sanctions by showing his former client destroyed the client file containing "notes, research, and other work product."[5] Once the

---

[5] Notably, the *Williams* defendant did not have to prove the content of the destroyed work product in detail or show it would have vindicated him at trial. (See *Williams, supr*a,167 Cal.App.4th at p. 1220 [defense counsel explained "it was no longer possible to determine what was kept or what had been destroyed"].) Secretly allowing the file to be destroyed was itself sufficient to "raise[] an inference" the plaintiff had "cherry-pick[ed] favorable new information from the file" and destroyed the rest "to prevent [the defendant] from obtaining other documents from the file that were unfavorable to" the plaintiff. (*Id.* at p. 1224.)

moving party makes its prima facie showing, the responding party bears "the burden of disproving prejudice."[6] (*Ibid.*)

Here, substantial evidence does not support an implied finding that Glickman made a prima facie case. While substantial evidence may support an implied finding that N&D failed to preserve ESI, there is no substantial evidence supporting an implied finding the unpreserved ESI had a substantial probability of assisting Glickman in establishing an essential element of his claims against N&D. Unlike in *Williams, supra*, 167 Cal. App. 4th at p. 1220, where a witness could verify the destroyed file at least contained some kind of notes and work product, there is no evidence the cell phones and computers actually contained any information that had not been preserved, let alone the kind of information whose loss could damage Glickman's ability to prove his claims. Because Glickman failed to make a prima facie case of spoliation of ESI, the trial court abused its discretion in granting issue sanctions or monetary sanctions based on spoliation.

B. *Motion Compelling Further Responses*

Initially, Glickman sought as alternative relief, an order compelling N&D to provide further responses, but later, asked for an order compelling further responses regardless of whether the trial court granted or denied the issue sanctions. Ultimately, the court granted this motion to compel further responses.

---

[6] At oral argument, Glickman argues N&D waived its claim that he failed to make a prima facie case of spoliation. We disagree. N&D referenced the issue in its opposition to the discovery sanctions motion, and at the hearing on the sanctions motion, expressly raised Glickman's failure to make a prima facie case to the discovery referee.

19

N&D contends the court abused its discretion in granting the motion to compel further responses because the discovery referee never made an express finding that N&D's responses did not comply with the discovery requests. Although no express finding was made, it is clear the discovery referee found N&D's responses failed to comport with its discovery obligations when the referee discussed its concerns about the responses and then made recommendations addressing those concerns. Additionally, substantial evidence supports that finding. For example, N&D's responses failed to include searches of Attorney Dillion's cellular phone and work computer, even though the second amended complaint alleges Attorney Krolikowski discussed the case with him. Thus, there is a substantial possibility that Attorney Dillion would have relevant information. The responses also did not affirmatively disclose N&D's failure to comply with the ESI Preservation Letter.

N&D faults the specific recommendations as granting discovery beyond that requested by the special interrogatories. We find no abuse of discretion. Those specific discovery recommendations sought to address shortcomings in N&D's responses. The recommendation that new searches be conducted by an independent third party sought to address the discovery referee's concerns about the accuracy and completeness of N&D's searches. This concern was well-founded based on the discovery referee's experience with the case, including his personal observation that, "with each new edition of further responses, have come new information or new documents." The recommendation that Attorney Dillion's electronic devices must be searched did not exceed the scope of how the parties and the discovery referee have interpreted the language of the special interrogatories. Stated differently, N&D had performed searches of the electronic devices of attorneys

Krolikowski, Caruso, and Polyakov in response to the same special interrogatories. The same reasoning applicable to those searches would apply to the search of Attorney Dillion's electronic devices.

Finally, N&D claims the remaining recommendations are problematic because "what is recommended *was already done*." If that is true, there is no prejudice because N&D has complied with these recommendations. To the extent the discovery referee did not believe N&D already complied with the recommendations, N&D does not present any persuasive evidence that the recommendations constituted an abuse of discretion, i.e., that a finding it did not comply was erroneous. In sum, the trial court properly granted the motion to compel further responses.

C. *Monetary Sanctions*

Code of Civil Procedure section 2023.030, subdivision (a) provides: "The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. . . . If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." Thus, "[a] court shall impose a monetary sanction against 'any party, person, or attorney' who unsuccessfully opposes a motion to compel a further response to interrogatories, . . . 'unless [the court] finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.'" (*Deck, supra*, 89 Cal.App.5th at p. 829.)

21

N&D does not argue it acted with substantial justification. Nor does it argue imposition of the monetary sanctions is unjust under the circumstances. Rather, it argues the order imposing monetary sanctions must be reversed because it is based on the "entirety of Glickman's [discovery] motion." Stated differently, Glickman sought $16,000 in monetary sanctions for preparing the discovery motion and did not allocate the fees to any of the specific relief requested. Thus, N&D contends, if this court finds any part of the trial court's order adopting the referee's recommendations was in error, the entirety of the monetary sanctions must be reversed. We disagree. N&D cites no legal authority for striking monetary sanctions in their entirety merely because one of the grounds for imposing sanctions is erroneous, and we are aware of no such legal authority. Accordingly, we affirm the monetary sanctions.

DISPOSITION

The order granting issue sanctions is reversed. The order compelling further responses and the monetary sanctions are affirmed. The parties are to bear their own costs on appeal.

DELANEY, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

22